Commonwealth *v.* Evelyn, Appellant.

Argued October 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Richard W. Linton,* for appellant.

*M. B. DeForrest,* District Attorney, for appellee.

OPINION BY WATKINS, J., November 12, 1957:

This is an appeal from the judgment and sentence of the Court of Quarter Sessions of Huntingdon County, on the ground that the evidence was insufficient to support a verdict of guilty of reckless driving.

The appellant was operating his 1937 Chevrolet sedan on the afternoon of February 19, 1957. He was travelling eastwardly on Moore Street, in the Borough of Huntingdon. The day was clear and the road dry. While driving eastwardly he came into collision with a vehicle driven by Thomas Meloy, also driving eastwardly on Moore Street. This vehicle had pulled out of a parking road into the east bound traffic lane and had moved 8 to 12 feet eastwardly, when sideswiped on the left front by the right front of appellant's vehicle.

The appellant's car then skidded sideways and forward, striking into a parked Packard automobile, facing eastwardly and parked on the South side of Moore Street. The force of the impact drove the Packard up over the curb. The only testimony concerning speed was by the appellant, who said he was driving between 15 to 16 miles per hour. A police officer testified that the appellant had told him, at the time of the investigation of the accident, that he was travelling 20 to 25 miles per hour, and then later changed it to 30 to 35 miles per hour. The lower court found the appellant guilty of reckless driving in violation of Article X, Section 1001 (a) of The Vehicle Code, as amended by the Act of August 24, 1951, P. L. 1368, 75 PS §481.

The Act says, "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: (a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

This Court in defining reckless driving under this statute said. "Conduct charging a driver with reckless driving amounting to culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton; to sustain the charge however, there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle. And if the damages caused by the driver are the natural, probable and foreseeable result of his careless disregard of the rights of others in the operation of the vehicle, and not misadventure merely, the driver is culpably negligent and guilty of the charge of reckless driving under the 1951 amendment." *Com. v. Forrey,* 172 Pa. Superior Ct. 65, 68, 92 A. 2d 233 (1952). What is reckless driving depends upon the particular circumstances. *Com. v. Klick,* 164 Pa. Superior Ct. 449, 65 A. 2d 440 (1949).

The evidence shows beyond a reasonable doubt that the appellant was driving in a school zone; that he knew it was a school zone; the school had just let out; that he saw school children on the street immediately before the accident; that following the collision the appellant's vehicle skidded a distance of 50 to 55 feet as indicated by skid marks on the highway, striking into the parked Packard with such force as to drive it over the curb onto the sidewalk; and that the brakes held the wheels to a skid up to the point of the collision with the Packard.

We agree with the President Judge of the court below, who heard and saw the witnesses, and who was familiar with the site of the accident, that this evidence was sufficient to sustain the burden of the Commonwealth that the appellant drove his car with careless disregard of the rights and safety of others, the consequence of which could reasonably have been foreseen

by the driver of the vehicle. Certainly the evidence of
the physical facts, in this case, the skid marks, and the
force of the impact, from which speed can be inferred,
has more probative weight than the estimate of speed
by witnesses. And we agree with the court below that
under the circumstances "defendant's testimony that
he was driving 15 or 16 miles per hour immediately
prior to the the collision is incredible."

And in this case where the appellant had full knowl-
edge of the area being a school zone, it placed upon him
the burden of extra precaution. The very fact of the
sideswiping collision with a car in the same lane in
which he was travelling, is evidence from which an in-
ference could properly be drawn that he did not have
his car under the control that the circumstances re-
quired. The legislature recognized the need for special
precaution in school zones, by setting a 15 miles speed
limit when passing a school zone when children are
going to or leaving school during opening or closing
hours.

We agree with the court below that the absence of
injury does not change the character of driving from
reckless to lawful, and that an intervening negligent
act of another driver will not excuse one who is, in fact,
driving recklessly, from the consequences of his unlaw-
ful act.

The appellant advanced the theory that where a
specific section of the vehicle code has been violated,
the Commonwealth is limited to a prosecution for vio-
lation of a specific section, in this case, exceeding the
speed limit. The unlawful act in this case consisted of
reckless driving, which could have been made up of sev-
eral elements, including excess speed, and failure to
have his vehicle under proper control under the cir-
cumstances. As the court below said, "Where, under
the surrounding circumstances defendant's driving es-

518

tablishes culpable negligence, he may be prosecuted and convicted of the offense of reckless driving and it is no defense that his reckless driving also constituted a violation of some other section of the vehicle Code."

Judgment of the lower court affirmed.