## Commonwealth v. Colyer

*Harry C. Fithian, Jr.,* for Commonwealth.
*Daniel F. Knittle,* for defendant.

GREEVY, J., April 18, 1962.—Defendant was charged with reckless driving in violation of section 1001(1) of The Vehicle Code of April 28, 1959, P. L. 58, 75 PS §1001. He waived hearing before the alderman and full hearing was entered into before us.

Defendant struck a parked car and as a result was arrested. There were no eye witnesses to what occurred other than defendant himself. Defendant told the investigating officer that he was driving southerly on Market Street, in the City of Williamsport, at about 30

to 35 miles per hour; that he reached up over the sun vizor to get his glasses and the truck he was driving crossed to the east side of the street and struck a parked car. The Commonwealth presented no further evidence.

Defendant testified that he was driving 25 to 35 miles per hour and that he was changing from sun glasses to clear glasses (both pairs were prescription glasses) when the accident happened.

Section 1001 of The Vehicle Code (supra) provides, inter alia:

"Reckless driving is unlawful and for the purpose of this act is construed to include the following: (1) Any person who drives any vehicle . . . upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

"What is reckless driving depends upon the particular circumstances": Commonwealth v. Evelyn, 184 Pa. Superior Ct. 514, 516.

Commonwealth v. Forrey, 172 Pa. Superior Ct. 65, a case decided by this court, is the outstanding authority as to what is included in the charge of reckless driving. In the words of Judge Hirt: ". . . What was contemplated in the language 'carelessly disregarding the rights or safety of others or in a manner so as to endanger any person or property' was to set the minimal requisite of the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand, and on the other something more than ordinary negligence or the mere absence of care under the circumstances. . . . Conduct charging a driver with reckless driving amounting to culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton; to sustain the charge however, there must be evidence of negligent acts, amounting to a careless disregard of the rights of safety of others, the conse-

796

quences of which could reasonably have been foreseen by the driver of the vehicle. And if the damages caused by the driver are the natural, probable and foreseeable result of his careless disregard of the rights of others in the operation of the vehicle, and not misadventure merely, the driver is culpably negligent. . . . 'Recklessness implies conscious appreciation of the probable extent of danger or risk incident to contemplated action . . .' "

Judge Wright in Commonwealth v. Vink, 193 Pa. Superior Ct. 154, 157 and 158, stated: "In the case at bar, there is nothing to justify a charge of careless disregard of the rights or safety of others. President Judge DEPUY correctly stated: 'We are bound here by the rules of the criminal law. Criminal negligence must display a greater degree of fault than where negligence is averred in a civil suit. The criminal rules as to presumption of innocence and reasonable doubt are, of course, applicable' . . ."

That defendant was negligent is obvious but we are not convinced beyond a reasonable doubt that it can be termed culpable negligence.

We make the following

*Order*

And now, April 18, 1962, defendant is found not guilty. Costs on Lycoming County.