Commonwealth *v.* Humphry, Appellant.

Argued December 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Van Weiss*, with him *Jonathan DeYoung*, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *Richard A. Devlin*, Assistant District Attorney, *Parker H. Wilson*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, P. J., March 12, 1970:

We are here concerned with an appeal by Robert C. Humphry from a conviction for the violation of Sections 1001 and 1002(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. 101 et seq. On March 1, 1969, Humphry was found guilty of these two violations by a justice of the peace. The Court of Common Pleas of Montgomery County—Criminal Division—allowed an appeal, and there was a hearing de novo on June 13, 1969. At the conclusion thereof, the hearing

judge also found Humphry guilty of both charges. On the first charge the sentence imposed was a fine of $10.00 and costs. On the second charge sentence was suspended. This appeal followed. The factual situation is briefly summarized in the opinion below as follows:

"On October 23, 1968, about 1:00 P.M., Humphry was driving north on Route 202, a heavily traveled arterial highway in the Borough of Bridgeport, in a built-up residential, commercial and industrial area. It was a clear day. As he approached Danny's Diner, near the end of the bridge carrying Route 202 into Norristown, a motor vehicle came out of the well-traveled driveway adjacent to the diner. Humphry applied his brakes, skidded at least 50 feet, and then struck the other automobile. . .

"The only witness to testify estimated Humphry's speed at better than 50 m.p.h. The speed limit was 35 m.p.h. Humphry traveled this road back and forth every day, and was well aware of the frequency of cars exiting from the driveway. Nevertheless, instead of utilizing his common sense, and casting a cautious eye towards the possibility of a car exiting, Humphry hurtled down the highway oblivious to the natural hazard which lay ahead".

Section 1001 reads in pertinent part as follows (italics supplied): "Reckless driving is unlawful, and for the purpose of this act, is construed to include the following: (1) Any person who drives any vehicle or streetcar or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so *as to endanger any person or property*". Section 1002(a) reads as follows (italics supplied): "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width

of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed *as to endanger the life, limb, or property of any person,* nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead".

In *Commonwealth v. Forrey,* 172 Pa. Superior Ct. 65, 92 A. 2d 233, this court said: "What was contemplated in the language 'carelessly disregarding the rights or safety of others or in a manner so as to endanger any person or property' was to set the minimal requisite of the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances. . . Conduct charging a driver with reckless driving amounting to culpable negligence . . . need not be wilful or wanton; to sustain the charge however, there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle". In *Commonwealth v. Evelyn,* 184 Pa. Superior Ct. 514, 136 A. 2d 158, speaking for the court, Judge WATKINS pointed out that establishment of the offense of reckless driving depends upon the particular circumstances, and that the intervening negligent act of another driver is no excuse.

This appeal does not require extended discussion. An examination of the record leads us to agree with the President Judge of the court below, who heard and saw the witnesses and was familiar with the site of the collision, that the evidence was sufficient to sustain the Commonwealth's burden of proof. It should be noted that sentence was properly suspended on the second charge. So far as excessive speed is concerned, the two

sections coincide. This is indicated by the similar statutory language which we have italicized. The same factual situation did not warrant the imposition of two separate sentences.

Judgments affirmed.