Commonwealth *v.* Deily, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Duane L. Erwin, Harold G. Nabhan,* and *Nabhan & Nabhan,* for appellant.

*Richard J. Orloski,* Assistant District Attorney, *Thomas J. Calnan, Jr.,* First Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

Opinion by Cercone, J., September 22, 1975:

On July 17, 1974, at 10:05 P.M., Officer David Shoemaker, a member of the Allentown Police Department, was traveling on Linden Street, a main traffic artery in the downtown business district of Allentown. Officer Shoemaker observed that traffic was attempting to move around an obstruction in the northern lane of Linden Street between Ninth and Tenth Streets. The obstruction turned out to be a Mercury Cougar which was being driven by appellant. The car was motionless, but due to the intentional and extreme application of the accelerator pedal by the driver, appellant, its rear wheels were spinning at such an excessive rate of speed that the tires were literally smoking from heat and friction. As Officer Shoemaker approached, the vehicle pulled out, "fishtailing" as it did so. Although an accident did not result, there was a "close call," and traffic in the area was congested. Officer Shoemaker, at this point, stopped the vehicle and cited appellant for reckless driving.

A hearing was held before a magistrate where appellant was found guilty. A hearing de novo was held before the court of common pleas and appellant was again found guilty of reckless driving and fined $25. At those hearings appellant testified that the irregular operation of his vehicle was not the product of any mechanical defect.

The relevant statute states that one drives recklessly if he "drives any vehicle . . . upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."[1] Appellant contends that his behavior does not constitute reckless driving as it is defined by this statute. In support of this contention he relies on the lower court case of *Commonwealth v. Gensko*, 44 D. & C. 2d 350 (1967),

---

1. Act of April 29, 1959, P.L. 58, §1001, as amended, 75 P.S. §1001 (1).

where it was held that a driver who squealed his tires coming out of a drive-in, stopped at an intersection near-by, and squealed his tires in starting again had not violated the statute as to reckless driving.

The *Gensko* case, supra, does not stand for the general proposition that spinning one's tires under all circumstances will never constitute reckless driving. As we stated in *Commonwealth v. Evelyn,* 184 Pa. Superior Ct. 514, 516 (1957) : "What is reckless driving depends upon the particular circumstances." In the instant case appellant's behavior occurred on the main traffic artery of a downtown business district. In this congested traffic he did more than spin his tires. The officer at the scene observed the vehicle lurch forward fishtailing and almost causing an accident. Under the particular circumstances of the instant case the lower court was correct in finding appellant guilty of reckless driving.

Order affirmed.