401 A.2d 1228

COMMONWEALTH of Pennsylvania

v.

Elmer JONNET, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided April 13, 1979.

Ira R. Mazer, Monroeville, for appellant.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order affirming appellant's summary conviction of a violation of the Motor Vehicle Code, Act of April 29, 1959, P.L. 58, § 1008(c), 75 P.S. § 1008(c),[1] which forbids a driver to pass another vehicle at a highway intersection.

On November 16, 1976, appellant was issued a traffic citation for passing a vehicle at an intersection. The police officer mistakenly wrote on the citation that appellant had violated § 1008(b), which pertains to improper passing on hills. The next day, appellant pleaded not guilty and posted bond in person before the magistrate. On November 22, the officer filed an amended citation, charging a violation of § 1008(c). A copy of the amended citation was mailed to appellant. The magistrate without appellant's knowledge pleaded him not guilty to the amended citation and transferred his bond to it. On November 29, a notice was mailed to appellant setting December 7 as the date for his hearing; the notice included a typed notation saying, "Citation B72856 which you brought into the office was voided and a delayed arrest was issued you on November 20, 1976, Cit # B72859."

On December 6, appellant went before the magistrate and challenged the validity of the hearing as not being held between three and ten days after his appearance on November 17. Pa.R.Crim.P. 55. He did not appear at the Decem-

1. This statute has since been repealed.

ber 7 hearing. It was rescheduled to December 17. At the time appellant was scheduled for surgery. The hearing was ultimately held on August 22, 1977. Appellant did not appear and was found guilty in absentia.

 Appellant argues that because of the substantive error in the first citation the charges against him should have been dismissed. Pa.R.Crim.P. 150(b) allows amendment of a citation even where a substantive defect exists:

**(b) Substantive Defects:**

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner.

Furthermore, Pa.R.Crim.P. 51(A)(1)(b) recognizes certain situations in which a citation—which by virtue of Rule 150(b) includes an amended citation—may be filed with an issuing authority rather than delivered to the defendant at the scene of the alleged violation:

(b) A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, or when it is not feasible for him to issue a citation to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not to warrant of arrest except as provided in Section B(3) of this Rule. Thereafter, the case shall proceed as provided in Rules 57 and 59.

The lower court found that it was not feasible to issue the amended citation to appellant because he did not live in Indiana County. We need not decide the correctness of this finding; if we accept it, even so, Rule 51(A)(1)(b) was not complied with. The required procedure was for the officer

to file the amended citation with the issuing authority—which he did—and then for the issuing authority to "issue a summons," not merely to send a copy of the amended citation and note on the notice of the hearing that the amended citation had been filed.

It may be said that the issuing authority's failure to issue a summons should be held of no consequence, especially since the copy of the amended citation that was mailed to appellant contained the same information as a summons would have contained. However, this court recently reversed a conviction where instead of issuing a summons the issuing authority sent the defendant a copy of the citation. *Commonwealth v. Shelton,* 260 Pa.Super. 82, 393 A.2d 1022 (1978). We said:

> It has been held that summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them. *Graver v. Fehr,* 89 Pa. 460 (1879). It has also been stated that procedural rules "are not to be exalted to the status of substantive objectives." *McKay v. Beatty,* 348 Pa. 286, 286–87, 35 A.2d 264 (1944). Viewing Rule 51, we believe that it provides for the very substance of the manner in which one who has offended the "Vehicle Code" may be cited, and a summary proceeding begun. Thus we hold that the Rule must be strictly construed. Rule 51, even when read together with the rules following it in "Chapter 50—Summary Cases," does not allow the sending of a copy of the citation in the situation where it has been filed by the police officer with the issuing authority. The proper—and only—procedure to follow after the initial institution of the summary proceeding is that the issuing authority shall issue a summons. We will not look for less than strict compliance with Rule 51.

*Id.,* 260 Pa.Super. at 85, 393 A.2d at 1023–1024.

We recognize that arguably *Shelton* is distinguishable from the present case is that there "the citation did not contain a notice of four options available to the defendant regarding pleas of guilty or not guilty and consequent

courses of action . . . .", 260 Pa.Super. at 84, 393 A.2d at 1023, whereas here the citation did contain such notice. This distinction, however, is factual only; it does not go to the basis of the ruling in *Shelton,* which was—as the passage quoted above makes plain—that not "substantial" but "strict" compliance with Rule 51 must be shown. In *Shelton* we specifically noted a conflict on this point in the lower courts, citing a decision by the Court of Common Pleas of Berks County holding it harmless error not to issue a summons where the citation "adequately apprised [the defendant] of the charges," and a contrary decision by the Court of Common Pleas of Cumberland County holding that the specific procedure required by Rule 51 must be complied with. 260 Pa.Super. at 84, 393 A.2d at 1023. Having noted the conflict, we said: "We agree with the latter position." *Id.*

Judgment of sentence reversed and appellant discharged.