## Commonwealth v. Odle

*Raymond J. Zadzilko, Assistant District Attorney,* for Commonwealth.
*Bruce H. Hoffman,* for defendant.

RUFE, *J.,* October 29, 1980—Marvin D. Odle, hereinafter defendant, operator of a certain 1974 GMC tractor with a Fruehauf trailer, was travelling west on U.S. Route 422 on Wednesday, April 9, 1980. At a point approximately four miles west of Ebensburg, Blacklick Township, Cambria County, the spare tire located under the trailer became dis-

lodged and struck a pedestrian who was walking along the berm. The impact resulted in the death of the pedestrian, Paul Scansaroli.

The investigating officer, Corporal Richard K. Hassinger of the Pennsylvania State Police, interviewed defendant and other witnesses prior to filing Accident Report no. A2-206885. The officer, who was in uniform at the scene, did not issue a citation at the scene.

On April 18, 1980, nine days after the incident, Corporal Hassinger filed Citation no. M-420245 in the office of District Magistrate Francis P. Brosius. The citation alleged that defendant had violated section 4522(a) of the Vehicle Code, 75 Pa.C.S.A. §4522(a), in that defendant had operated his vehicle in contravention of Federal Motor Carrier Safety Regulation 392.9, (3), 49 C.F.R. §392.9, i.e., failure to securely fasten spare tire so as to prevent its falling off the trailer rack. Section 4522 of the Vehicle Code, 75 Pa.C.S.A. §4522, a summary offense, provides that:

"(a) General Rule.—No person shall drive a vehicle on any highway in violation of any provision of a Federal Statute or regulation relating to any type of equipment or documents used in the vehicle while engaged in interstate commerce.

"(b) Penalty.—Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $100."

A summons was issued on April 18, 1980 by Magistrate Brosius and forwarded to defendant by certified mail. A plea of not guilty was entered and a hearing held on May 17, 1980. Defendant, who was not represented by counsel, was found guilty of violating 75 Pa.C.S.A. §4522(a).

An appeal was entered on June 4, 1980 in the Court of Common Pleas of Cambria County. An omnibus pretrial motion for relief was filed on or about July 24, 1980, and it is upon this motion that this court will rule.

Three major issues have been raised by the parties to this prosecution. Primary among these is whether or not the citation was properly issued and, if not, whether the summary conviction based thereupon should be quashed.

Defendant has argued that the failure of the investigating officer to strictly comply with the provisions of Pa.R.Crim.P. 51(A)(1)(a) warrants the quashing of the citation. In arguing, defendant cites Com. v. Jonnet, 265 Pa. Superior Ct. 315, 401 A. 2d 1228 (1979), as being controlling. That case stands for the principle that strict, rather than substantial, compliance with the letter of Rule 51 must be demonstrated. That rule, however, must be examined in toto rather than piecemeal.

Pa.R.Crim.P. 51(A)(1)(b) authorizes the delayed filing of a citation when it is not feasible to issue one to the defendant at the scene. Here, the investigating officer testified that while it was possible for him to have cited defendant for violation of 75 Pa.C.S.A. §4522(a), he would have been unable to specify which Federal regulation or statute had been breached. By delaying issuance of the citation until such time as the officer could determine the exact segment of the Federal motor carrier safety act as was pertinent, the officer did not prejudice defendant and, in fact, made it easier for him to prepare his defense. Thus, the conduct of the officer was not unreasonable under the circumstances and the motion to quash will be denied.

Now this court is faced with the thornier issue of

whether or not section 4522 of the Vehicle Code, 75 Pa.C.S.A. §4522, is unconstitutional. Defendant has raised numerous theories which could cause this statute to topple. We shall address each of these in its turn.

Initially, defendant urges that by adopting section 4522, the legislature of the Commonwealth has impermissibly delegated its lawmaking duties to the Federal Government. While not looked upon favorably by the courts, delegation has been found to be permissible in certain instances. As early as the mid-1800's the Pennsylvania Supreme Court was called upon to make a determination of the viability of a delegation. In Locke's Appeal, 72 Pa. 491 (1873), the court held that: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." In essence, the court was saying that deference to another body's enactments should be for definitional purposes rather than for the mere expediency of not having to draft and enact one's own statutes or regulations.

This interpretation of the holding was affirmed more recently in East Suburban Press, Inc. v. Twp. of Penn Hills, 40 Pa. Commonwealth Ct. 438, 397 A. 2d 1263 (1979). There the court ascertained that a delegation for the purpose of status-finding is allowable even in the absence of specific guidelines for the delegatee. However, when such a delegation is for rule-making purposes, the delegatee must be bounded by explicit standards.

In the instant case such a delegation would not be permissible as the Congress and Federal agencies would not be bound by any guidelines promulgated

by the state. Thus, the attempted delegation of rule-making authority proposed by section 4522 of the Vehicle Code, 75 Pa.C.S.A. §4522, would fall.

Two other cases which permitted incorporation of Federal pronouncements are distinguishable. In Com. v. Alderman, 275 Pa. 483, 119 Atl. 551 (1923), the Pennsylvania Supreme Court held that the adoption of the Federal definition of "intoxicating liquors" was not a delegation but an acknowledgement of the inevitable. Since the Eighteenth Amendment was the law of the land, the state's interpretation would be inoperative if it conflicted with the Federal law.

In the case before us, however, there is no succumbing to the inevitable in that the Federal regulations are not intended to preempt the field: 49 C.F.R. §390.30. Further, in Alderman, the legislature had specifically incorporated the definition of intoxicating liquors while here there is not even a reference to which Federal regulations are to be included within the scope of section 4522.

Amidon v. Kane, 2 Pa. Commonwealth Ct. 367 (1971), presented a case in which the state legislature had adopted the definition of taxable income as set forth in the Internal Revenue Code. In holding such an adoption to be constitutional, the court implied that such was permissible only so long as the state acted affirmatively in the future to adopt any changes enacted. The state could not sit passively by and allow Congress to legislate for it.

A contrary situation exists here in that the state has given Congress and the Federal agencies carte blanche. It has retained no power to adopt or amend the regulations enacted, Com. v. Tarabilda, 222 Pa. Superior Ct. 237, 294 A. 2d 830 (1972), nor to delete any future enactments: Com. v. Warner Bros.

Theatres, Inc., 345 Pa. 270, 27 A. 2d 62 (1942). Section 4522 authorizes the Federal government to act wholly in place of the Pennsylvania legislature.

Holgate Bros. Co. v. Bashore, 331 Pa. 255, 200 Atl. 672 (1938), presented a situation wherein the state had enacted a law requiring the state's Department of Labor and Industry to conform its regulations to those of the Federal Department of Labor. The court held that such a delegation without even a semblance of limitation or control on future enactments was an impermissible delegation.

The legislature has failed to retain any limitation or control in its enactment of section 4522. No provision is made which would require the state to affirmatively act in order to add revisions of the Federal regulations or new statutes. It implies that whatever the Federal government proposes to do in regard to transportation will be satisfactory with it.

Finally, the York County Court of Common Pleas has decided a case directly on point: Com. v. Allison, 91 York 201 (1978). While not binding on this court, the opinion announced is instructive and so sound logically as to merit a concurrence. In holding section 4522, 75 Pa.C.S.A. §4522, violative of Pa. Const., Art. II, §1, Judge Cassimatis held, at p. 204:

"There has been a complete, unrestricted and unlimited delegation of its duty by the Pennsylvania legislature to Congress and federal agencies concerned with interstate commerce. Such delegation offends the two interrelated purposes served by the doctrine prohibiting delegation of legislative power; first, to insure that basic policy choices be made by duly authorized and politically responsible officials, and, second, to protect against the arbitrary exercise of unnecessary and uncontrolled dis-

cretionary power. . . . If the federal laws and regulations on this subject merit inclusion in the Pennsylvania law, then the Pennsylvania legislature should specifically enact those provisions or authorize an agency with appropriate guidelines to promulgate such regulations. The appropriate discretion is thus applied before the federal law or regulation is made part of the law of Pennsylvania. As presently enacted Section 4522 approves in advance and without discretion any federal law or regulation on this subject."

This court also finds section 4522 of the Vehicle Code, 75 Pa.C.S.A. §4522, to be violative of the Constitution of this Commonwealth. Thus the citation issued to defendant under this provision must be quashed.

Accordingly, the following is entered.

ORDER

And now October 29, 1980, pursuant to the foregoing opinion, the appeal of defendant is hereby sustained and the clerk of courts is directed to return to defendant the fine, costs and bond posted.