430 A.2d 991

**COMMONWEALTH of Pennsylvania**

**v.**

**Nathaniel RANDALL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed June 5, 1981.

Petition for Allowance of Appeal Denied Oct. 7, 1981.

480

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia County, for Commonwealth, appellee.

Before HESTER, SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Nathaniel Randall was tried non-jury and found guilty of unauthorized use of an automobile.[1] On appeal, his sole contention is that the evidence was insufficient to support a finding that he knew he lacked the owner's permission to drive the vehicle.[2] We disagree and affirm the judgment of sentence.

"In testing the sufficiency of the ... evidence, we proceed in several steps. First, we accept as true all the evidence upon which the finder of fact could properly have reached its verdict. Next we give the Commonwealth the benefit of all reasonable inferences arising from that evidence. And finally, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. This inquiry is bounded by two poles. On the one hand, the Commonwealth does not have to establish guilt to a mathematical certainty and may in a proper case rely wholly on circumstantial evidence. On the other hand, guilt must be proved; mere conjecture or surmise is not sufficient." *Commonwealth v. Herman*, 271 Pa.Super. 145, 148–149, 412 A.2d 617, 619 (1979).

In the instant case, the Commonwealth proved that on January 27, 1979, appellant had been stopped by police officers who observed him drive a 1975, brown and beige Chrysler through a stop light at 56th and Lansdowne Streets in Philadelphia. When requested to produce a driver's license and registration card, appellant was unable to produce either. Further investigation disclosed that the vehicle had been stolen from the 5800 block on Pemberton Street, Philadelphia, between 5:00 P.M. on January 3, 1979, and 6:00 A.M. on January 4, 1979. Appellant offered no explanation

1. Randall was acquitted on a companion charge of receiving stolen property.

2. The offense of unauthorized use of an automobile is defined in 18 Pa.C.S.A. § 3928(a) as the operation of an automobile "of another without consent of the owner."

for his possession of the stolen vehicle. The owner, Mozella Lowe, testified that she had not at any time given appellant permission to drive her car.

Appellant concedes the sufficiency of the Commonwealth's proof that he had been operating the vehicle without the owner's consent. This Court, however, has added a requirement that "proof of mens rea or guilty knowledge" must also be shown in order to convict. *Waldron Appeal*, 237 Pa.Super. 298, 353 A.2d 43 (1975). Thus, in order to prove that appellant committed a criminal offense the Commonwealth was required to prove that appellant knew or had reason to know that he lacked permission of the owner to operate the vehicle.

Guilty knowledge, however, may be proved by circumstantial evidence. Moreover, a permissible inference of guilty knowledge may validly be drawn from the unexplained possession of recently stolen property. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976). See also: *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

The applicable law has been set forth in *Commonwealth v. Williams*, supra 468 Pa. at 366–68, 362 A.2d at 249, where the Supreme Court said:

" 'Recent' is a relative term. *Whether possession is recent, and how recent it is, are normally questions of fact for the trier of fact* . . . and require that the trier of fact consider the nature and kind of goods involved, the quantity of goods, the lapse of time from theft and possession, and the ease with which such goods can be assimilated into trade channels, as well as other circumstances relevant in any given case. . . .

"*So too, whether possession of goods is unexplained is also a question of fact.* This is so because normally the Commonwealth will not offer an explanation for the accused's possession; but even if the accused fails to offer evidence, the trier of fact may still consider the circumstances of possession as presented by the Commonwealth as suggest-

ing an explanation for the possession. But if the trier of fact does not so consider the circumstances, he may then consider the possession as unexplained where the accused offers no evidence of explanation. This is not an infringement on the accused's right against self-incrimination, *Barnes v. United States*, supra, and while the practical effect of allowing the inference from unexplained possession may in many cases be to shift the burden of coming forward with the evidence, at least as to receiving stolen goods and the inference of guilty knowledge, it is permissible so long as the inference is considered in accordance with the burden on the Commonwealth to establish every element of the crime beyond a reasonable doubt. *Barnes v. United States*, supra, 412 U.S. at 846, n.11, 93 S.Ct. at 2363, n.11. Moreover, even if the accused offers an explanation, the trier of fact may consider the possession as unexplained if he determines the explanation is unsatisfactory. *Barnes v. United States*, supra at 845, n.9, 93 S.Ct. at 2362, n.9. . . .

"Once the inference is properly drawn by the trier of fact and pursuant to the understanding that it cannot be drawn unless he is convinced that the unexplained possession is so recent as to convince him of the inferred fact beyond a reasonable doubt and his conviction of the same is not weakened below this standard by other circumstances, an appellate court may not reverse unless, after considering the evidence, it believes a juror or judge, acting in a reasonable and rational manner, could not have been convinced beyond a reasonable doubt." (Emphasis added.)

In the instant case, we are not prepared to hold that an inference of guilty knowledge could not be rationally drawn from evidence that appellant's possession of the vehicle was wholly unexplained. If the car had been loaned to him by another, so that he believed he had consent, it was not unreasonable to expect him to come forward with such information. Certainly it was more readily available to him than it was to the Commonwealth.

Neither can we say that a three week lapse in time between theft and possession was so great as to defeat the inference of guilty knowledge as a matter of law. This was an issue of fact for the trier of the facts. In view of the nature of automobiles and the manner in which ownership thereof is evidenced by documents of title rendering them difficult of assimilation into trade channels, the trial court could have reasonably found the possession sufficiently recent to permit the inference of guilty knowledge.

■ Appellant places considerable reliance upon the plurality opinion in *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973), which argued that unexplained possession of a stolen automobile two and one-half weeks to three weeks after the theft was insufficient to sustain convictions for larceny and receiving stolen property. That opinion, however, is not controlling. In the first place, the opinion did not represent the view of a majority of the Court. Secondly, the decision has been superseded, if not overruled, by decisions of the United States Supreme Court in *Barnes v. United States*, supra, and the Pennsylvania Supreme Court in *Commonwealth v. Williams*, supra. Finally, the mental elements for larceny and receiving stolen property are not the same as that which is necessary to show unauthorized use of an automobile.

■ Because an unexplained possession of the stolen automobile in this case was found to be recent by the trier of the facts, we do not now decide whether any possession without the consent of the owner should require an accused to come forward with evidence to show that he or she believed his or her possession to be authorized. Similarly, we have not considered whether any unexplained possession of a stolen automobile, whether recent or not, is sufficient to permit an inference that the possessor knew or should have known that he did not have the consent of the owner to operate the same. We hold merely that the evidence in the instant case was sufficient to enable the fact finder to conclude that appellant was guilty of unauthorized possession of the stolen vehicle.

The judgment of sentence is affirmed.