518 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**William GLASSMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1986.

Decided Dec. 15, 1986.

Elliot B. Platt, Philadelphia, for appellant.

Leonard Deutchman, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Philadelphia County. Appellant, William Glassman, was convicted of reckless driving and driving without lights to avoid identification and attempting to elude police and was sentenced to pay a fine and court costs totaling $497.00. After the denial of his post-trial motions he appealed to this Court. We affirm.

On January 4, 1985 at 1:40 A.M., police officer Frank Boyle observed a red Honda driving on the wrong side of Warden Drive in Philadelphia. The car disregarded a stop sign and Officer Boyle pulled his vehicle behind the Honda and turned on his dome light. Instead of pulling over, the Honda sped away, ignoring stop signs and speed limits. The driver of the car turned off his headlights as he attempted to out-run the police car which was in pursuit with its siren on. Officer Boyle saw the Honda pull into a driveway and garage in the 3400 block of Queen Lane. The officer confronted the appellant as he walked from his garage to his house. Appellant denied that he had been involved in the incident and insisted that Officer Boyle must have lost sight of the perpetrator's car during the chase. The officer took appellant to the police station where he was detained for a period of time between one and three hours, issued a citation and released. The traffic court disbelieved appellant's assertion that he was not the driver of the car which the officer had observed and chased. On appeal, the Court of Common Pleas reached the same conclusion.

Appellant presents three issues for our review: (1) whether appellant was arrested illegally, rendering the citations invalid; (2) whether the evidence at trial was sufficient to support a finding that appellant was the driver of the car in question; (3) whether the evidence of intent was sufficient to support a finding of guilt.

Appellant claims that his conviction must be reversed because his arrest was illegal since it violated the procedural requirements mandated by the Rules of Criminal Proce-

dure. The Commonwealth claims that appellant was detained for a short period of time but was never arrested. We find it unnecessary to resolve this issue. Even assuming that the appellant was placed under arrest, his subsequent conviction is proper and need not be reversed.

Appellant was charged with reckless driving, 75 Pa.C.S.A. § 3714 and driving without lights to avoid identification or arrest, 75 Pa.C.S.A. § 3734, both of which are summary offenses. The Rules of Criminal Procedure, at that time, provided in pertinent part:

A. Criminal Proceedings in summary cases shall be instituted in the following manner:

(1) Traffic Offenses (other than parking)

.　　.　　.　　.　　.

(c) For a summary offense under the Vehicle Code, the defendant may be arrested without a warrant only as provided in the Vehicle Code.

Pa.R.Crim.P. 51 A.(1)(c) (rescinded 7/1/86).

The relevant section of the Vehicle Code is § 6304. It provides:

**Authority to arrest without warrant**

**(a) Pennsylvania State Police.**—A member of the Pennsylvania State Police who is in uniform may arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest.

**(b) Other police officers.**—Any police officer who is in uniform may arrest without a warrant any nonresident who violates any provision of this title in the presence of the police officer in making the arrest.

**(c) Other powers preserved.**—The powers of arrest conferred by this section are in addition to any other powers of arrest conferred by law.

■ Assuming, arguendo, that appellant's detention constituted an "arrest", it is apparent that he was not arrested by a member of the Pennsylvania State Police nor was he a nonresident, nor has the Commonwealth shown that any

other power of arrest applies to the situation. Therefore, § 6304 did not authorize the police to arrest appellant without a warrant. The police should not have arrested appellant but should only have issued him a citation. *See* Pa.R.Crim.P. 51 A.(1)(b) (rescinded 7/1/86).

■ Appellant claims that this apparent statutory violation mandates reversal of his convictions. We disagree. In support of his argument, appellant cites the following cases: *Commonwealth v. Hatfield*, 307 Pa.Super. 454, 453 A.2d 671 (1982); *Commonwealth v. Stahl*, 296 Pa.Super. 507, 442 A.2d 1166 (1982); *Commonwealth v. Jonnet*, 265 Pa. Super. 315, 401 A.2d 1228 (1979); *Commonwealth v. Shelton*, 262 Pa.Super. 82, 393 A.2d 1022 (1978). In *Jonnet*, this Court reversed a summary conviction based upon a violation of the Vehicle Code because of a substantive defect in the citation issued to the defendant. The court followed the line of cases cited above, which hold that in summary prosecutions, the rules of procedure must be strictly complied with or the defendant's arrest is invalid. *Id.*, 265 Pa.Superior Ct. at 316–19, 401 A.2d at 1228–30. However, at the time each of these cases was decided, the controlling Rule of Criminal Procedure provided in pertinent part:

(b) Substantive Defects:

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect.

Pa.R.Crim.P. 150(b) (amended 7/1/82).

Therefore, under Pennsylvania law effective at the time, the *Jonnet* court was required only to determine whether or not the defect at issue was "substantive" or informal. The court decided that it was substantive and reversed the defendant's conviction. However, Pennsylvania law has since been changed. The law in effect at the time the case before us arose, provided:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in

the procedures of this chapter, unless ... the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 70 (rescinded 7/1/86).

The comments to the Rule make clear that it was intended to eliminate the substantive/informal distinction. Instead, courts were instructed to inquire whether the defendant's rights were prejudiced. If no actual prejudice was present, the court was no longer permitted to discharge the defendant or dismiss the case. *See* Pa.R.Crim.P. 70 *comment* ("This rule is intended to clarify when a defendant should be discharged or a case dismissed because of a defect; it eliminates disputes as to what is an informal defect or a substantive defect. As a condition of relief regardless of whether the defect is in form, content or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant."). Since the line of cases cited by the appellant were adjudicated before Pennsylvania abandoned the substantive/informal distinction, those cases are inapplicable to the instant case. The charges against the appellant may be dismissed only if he can demonstrate that his illegal arrest actually prejudiced his rights. *See* former Pa.R.Crim.P. 70. This we conclude appellant has failed to do.

Appellant has not demonstrated any way in which he was prejudiced by Officer Boyle's detention of him. Appellant was well aware of the charges filed against him and he certainly had ample time before trial to prepare a defense. Appellant asserts that his arrest in violation of the procedural rules constituted actual prejudice. We must reject this claim. If we were to accept appellant's argument we would render Rule 70 a nullity. Rule 70 applied only in summary cases where a defect in form, content or procedure had occurred. Once such a defect occurs, the proceedings are in violation of the criminal rules but it is Rule 70 which informs courts when such a violation is fatal to the prosecution.

Under appellant's interpretation, a procedural violation would itself constitute prejudice. Therefore, all procedural

violations would be fatal to further prosecution and there would be no need for a rule distinguishing fatal from non-fatal defects. Yet, Rule 70 expressly states that it was enacted in order to guide courts in making that very distinction. If appellant's position were adopted, the Rule's requirement of actual prejudice would be mere surplusage because it would mandate dismissal whenever there was a defect. Appellant's interpretation of the Rule would thus have the effect of causing many more dismissals than the prior law it replaced. Yet, this is the very opposite effect of that intended by the drafters of the Rule. Therefore, we cannot accept appellant's proferred interpretation of Rule 70. We find that we agree with the conclusion of the trial court: "Defendant has failed to allege nor can the Court conceive of what prejudice inured to the defendant as a result of the alleged defect in the procedures in this case." [1]

Appellant also argues that the evidence produced at trial was insufficient to establish that he was the person driving the car observed and followed by Officer Boyle. Appellant claims that the policeman lost sight of the car he was originally following and mistakenly assumed that the appellant was the culprit because the appellant happened to arrive home at the same time the incident occurred.

It is axiomatic that on appeal, the evidence is viewed in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Stoyko*, 504 Pa. 455, 462, 475 A.2d 714, 718 (1984). Viewed in this light, the evidence demonstrates that Officer Boyle attempted to pull appellant's car over but that appellant refused to comply and sped away. The officer chased the appellant's vehicle, never losing sight of it. He watched as appellant pulled the car into his driveway and garage. Officer Boyle then confronted appellant as he walked from the garage to his home. Officer Boyle never lost sight of the car he was

---

1. We note that appellant's constitutional rights were not violated even if the detention constituted an arrest. The Constitution does not prohibit a police officer from arresting a suspect without a warrant for crimes committed in his presence. *See United States v. Watson,* 423 U.S. 411, 420, 96 S.Ct. 820, 826, 46 L.Ed.2d 598 (1976).

following. The evidence also demonstrates that he watched the appellant exit the car and that the appellant was the only person inside the vehicle. Therefore, the evidence clearly supports a finding that the appellant was the driver of the vehicle Officer Boyle chased on January 4, 1985. As the trial court stated, a contrary conclusion "is absurd".

Finally, appellant claims that the evidence of intent is insufficient to support a finding of guilt. Section 3734 of the Vehicle Code states that a person is guilty of "driving without lights to avoid identification or arrest" when he turns off his car lights "for the purpose of avoiding identification or arrest. ..." 75 Pa.C.S.A. 3734. Appellant turned his vehicle lights off after Officer Boyle attempted to pull him over. At the same time he turned off the car lights appellant also sped away from the policeman. Intent may be proven by circumstantial evidence. *Commonwealth v. Randall*, 287 Pa.Super. 479, 482, 430 A.2d 991, 993 (1981). Viewed in the light most favorable to the Commonwealth, the evidence shows that appellant turned off his lights as part of an intentional attempt to evade Officer Boyle's chase. Thus, this same evidence also supports appellant's conviction for willfully attempting to flee the police. *See* 75 Pa. C.S.A. § 3733(a).

The evidence is also sufficient to support a finding that appellant was reckless and guilty of a violation of 75 Pa. C.S.A. § 3714. Appellant claims that the Commonwealth has failed to show that his actions endangered anyone. This assertion, even if true, is irrelevant. Actual injury is not an element of reckless driving. *Commonwealth v. Schmitzer*, 286 Pa.Super. 138, 145, 428 A.2d 610, 614 (1981). The Commonwealth need only demonstrate that a defendant's actions showed a "careless disregard of the rights or safety of others." *Commonwealth v. Humphry*, 216 Pa.Super. 131, 134, 264 A.2d 434, 435 (1970). Appellant drove his car on the wrong side of the street, through stop signs, with no lights on and at high rates of speed. This total disregard for all rules of safety exhibits a shocking indifference to persons or other vehicles which might have

238

happened by during appellant's flight. It also demonstrates a careless disregard for all of the vehicles parked along the streets through which Officer Boyle chased the appellant. The Commonwealth has met the burden of proof required to convict appellant.

For the foregoing reasons, the judgment of sentence is affirmed.