J-S40016-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
           Appellee       :
                                        :
             v.                 :
                                        :
JONET ROMAINE WHEELER,      :
                                        :
          Appellant      :   No. 1336 WDA 2014

Appeal from the Judgment of Sentence July 15, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0008061-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                 **FILED JULY 8, 2015**

Jonet Romaine Wheeler ("Wheeler") appeals from the judgment of sentence entered following her convictions of accidents involving damage to attended vehicle or property, reckless driving, careless driving, failure to notify police of accident, overtaking a vehicle on the right, and driving on roadways laned for traffic.[1]  Following our review, we affirm in part and reverse in part.

The trial court summarized the facts underlying Wheeler's convictions as follows:

> On February 8, 2013, Jarrett Deluca was on the Forward Avenue onramp to Interstate 376 on his way to work.  This onramp initially is two lanes[;] however, it narrows down to one lane as it approaches Interstate 376.  As he was approaching Interstate 376, Deluca heard a vehicle approach him

---

[1] 75 Pa.C.S.A. §§ 3743(a), 3736(a), 3714(a), 3746(a)(2), 3304(a)(1), 3309.

*Retired Senior Judge assigned to the Superior Court.

from the right-hand side traveling on the rumble strips outside of the lane of travel in an attempt to pass him and get back in to the onramp lane of travel. The appellant, Wheeler, drove the other vehicle and that vehicle struck the passenger side, right fender above the tire. Deluca pulled his vehicle over and retrieved his owner, operator and insurance information and attempted to talk to Wheeler to exchange information; however, she was yelling at him about causing the accident. Deluca had a cellular phone with a camera capability and took pictures of her vehicle so that he could obtain the license number of that vehicle. Deluca then got in his car and went to work and called the Pennsylvania State Police, notifying them of the accident.

Pennsylvania State Trooper Daniel Acklin was notified by his supervisor that Deluca had reported a hit and run accident. Acklin met with Deluca and Deluca provided Acklin with several pictures that he had taken approximately one hour prior to their meeting. Acklin obtained the license plate number from one of the photographs taken by Deluca and ran that information through the PennDot computer and established that the owners of that vehicle were [Wheeler] and Kelly A. Wheeler. Acklin then proceeded to obtain driver's license photos of both of the Wheelers and showed those photos to Deluca. Deluca identified [Wheeler] as the individual who was operating the vehicle that struck his vehicle. Acklin also viewed Deluca's vehicle and identified the damaged area as being the right front side tire area, indicating that there were scrapes and the actual body of the vehicle was crunched in.

Wheeler testified that there was no damage to her vehicle or to Deluca's vehicle and, accordingly, there was no need to stop and exchange information. She also maintained that Deluca was irate and was insulting her and using racial slurs against her. Wheeler also testified that this accident occurred at 8:05 a.m. and that she was required to start work at 8:00 [a].m.

- 2 -

Trial Court Opinion, 3/2/15, at 2-4.

At the conclusion of a non-jury trial, the trial court convicted Wheeler of the above-mentioned offenses. It imposed a sentence of three months of probation on the conviction for accidents involving damage to attended vehicle or property and no further penalty on the remaining convictions. Wheeler filed a timely post-sentence motion, which the trial court denied. This timely appeal followed.

On appeal, Wheeler challenges the sufficiency of the evidence as to three of her convictions. *See* Wheeler's Brief at 6. When reviewing a sufficiency of the evidence claim, "we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (quoting *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011)). When performing this review, "we may not reweigh the evidence or substitute our own judgment for that of the fact finder." *Id.*

Wheeler first argues that the evidence was insufficient to support her conviction of accidents involving damage to attended vehicle or property. This offense is defined as follows:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other

> property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3743(a). Wheeler argues that because she did not know an accident had occurred, she cannot be found to have violated this provision. Wheeler's Brief at 12-14. She acknowledges that she pulled her car over and engaged with Mr. Deluca, but she argues that she did not see any damage to either vehicle. She argues, "[s]ince there is no evidence that proved beyond a reasonable doubt that [] Wheeler knew or should have reasonably known that an accident happened, the Commonwealth failed to prove every element of the offense beyond a reasonable doubt." *Id.* at 15. We disagree. The evidence, when viewed in the light most favorable to the Commonwealth, as verdict winner, establishes that on the morning in question, Wheeler drove her vehicle on rumble strips, around Mr. Deluca's vehicle, striking it as she did so. N.T., 7/15/14, at 4-5. Wheeler immediately pulled her vehicle to the side of the road, exited it and began yelling at Mr. Deluca for causing an accident. *Id.* at 4,10. At that time, while both parties were pulled over, Mr. Deluca took photographs of damage to his car that Wheeler caused. *Id.* at 4. Wheeler was present while Mr. Deluca examined his car and took pictures of the damage. *Id.* This

evidence is sufficient to support a finding that Wheeler was aware that an accident occurred and that Mr. Deluca's vehicle was damaged by that accident.

Wheeler next argues that the evidence was insufficient to support her conviction of careless driving. The relevant statute provides that "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S.A. § 3714(a). It is Wheeler's contention that the Commonwealth failed to prove that she acted with careless disregard for the safety of persons or property; she maintains that she was simply trying to merge into traffic, and that "[f]or whatever reason, Mr. Deluca decided to not let [her] car merge, resulting in contact between the vehicles." Wheeler's Brief at 18.

Although Wheeler does not bother to define the term, "careless disregard" for purposes of this offense "implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." *Commonwealth v. Gezovich*, 7 A.3d 300, 301 (Pa. Super. 2010) (internal citations omitted). To establish this offense, "there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle." *Commonwealth v.*

***Evelyn***, 136 A.2d 158, 159 (Pa. Super. 1957).[2] The evidence, when viewed in the light most favorable to the Commonwealth, establishes that Wheeler drove outside of the lane of travel, on a narrowing stretch of road, in an attempt to pass Mr. Deluca's vehicle before merging on to an interstate, and that in doing so, she damaged Mr. Deluca's car. N.T., 7/15/14, at 4-5. This evidence supports a finding that Wheeler acted negligently and without regard for the risks her actions posed to Mr. Deluca or his property. Furthermore, without question, the resulting damage was reasonably foreseeable. As such, the evidence was sufficient to support Wheeler's conviction of careless driving.

Finally, Wheeler challenges the sufficiency of the evidence with regard to her conviction of failure to notify police of accident. This relevant statute provides as follows:

> The driver of a vehicle involved in an accident shall immediately by the quickest means of communication give notice to the nearest office of a duly authorized police department if the accident involves:
>
> ***
>
> (2) damage to any vehicle involved to the extent that it cannot be driven under its own power in its

---

[2] In ***Wood***, the charge under review was "reckless driving," but the mens rea under the pertinent statute at the time that case was decided was "careless disregard." The offense of reckless driving now appears at 75 Pa.C.S. § 3736 and requires "willful or wanton disregard for the safety of persons or property." However, ***Wood*** interpreted the meaning of the term "careless disregard," which mens rea appears in the offense of careless driving. Accordingly, the definition of the term "careless disregard" outlined in ***Wood*** case continues to be valid. ***Gezovich***, 7 A.3d at 302 n.1.

> customary manner without further damage or hazard to the vehicle, other traffic elements, or the roadway, and therefore requires towing.

75 Pa.C.S.A. § 3746(a)(2).

Wheeler argues that there is no evidence that either her or Mr. Deluca's vehicle was damaged to the extent described in the definition of the offense. Wheeler's Brief at 19. The trial court agrees with Wheeler. Trial Court Opinion, 3/2/15, at 6-7. Our review of the record comports with their assessments. Accordingly, we vacate Wheeler's conviction for failure to notify police of accident.[3]

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015

---

[3] Because the trial court did not impose a penalty on this conviction, vacating this conviction does not disturb the sentencing scheme, and there is no need for resentencing. *Cf. **Commonwealth v. Barton-Martin**, 5 A.3d 363, 370 (Pa. Super. 2010) (providing that where vacating a sentence disrupts a trial court's overall sentencing scheme, this Court will remand to the trial court for resentencing).

- 7 -