## Miller *v.* Hastings Borough, Appellant.

*Criminal law—Costs of prosecution—Conclusiveness of judgment—Boroughs—Policemen.*

Where a jury in acquitting a borough policeman of the charge of assault and battery imposes half of the costs upon him, the judgment entered thereon cannot be attacked collaterally; if such costs are not remitted by the court in which they were imposed, and no appeal is taken to a higher court, the judgment is final and conclusive.

*Boroughs—Policemen—Action against borough.*

A borough policeman was arrested and prosecuted for assault and battery. While the suit was pending the borough council in regular session moved "that our police be supported with all that council command in

case now pending in court." The policeman was acquitted, but the jury imposed upon him one half of the costs. *Held*, that the motion of council was not a sufficient basis for a suit by the policeman against the borough to recover the costs and his attorney's fee in the criminal case against him.

The borough authorities have no power to expend public money in defense of borough police officers indicted under the law, when the borough itself is not involved.

Police officers, in the preservation of the peace, are not agents or servants of a borough, their powers and duties are derived from the state to which their primary responsibility is due, therefore the borough is not liable for their omissions or commissions, malfeasance or non-malfeasance in the performance of their duties.

Argued May 2, 1904. Appeal, No. 37, April T., 1904, by defendant, from judgment of C. P. Cambria Co., June T., 1902, No. 99, on verdict for plaintiff in case of Henry L. Miller v. Hastings Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from justice of the peace. Before O'CONNER, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $76.12. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Harvey Roland*, for appellant.—Police officers are not agents or servants of the borough, and therefore the borough is not liable for their omissions or commissions, malfeasance or non-malfeasance : Norristown v. Fitzpatrick, 94 Pa. 121 ; Cornell v. Guilford, 1 Denio, 510 ; People v. Lawrence, 6 Hill (N. Y.), 244 ; Bank v. Supervisors, 5 Denio (N. Y.), 517 ; Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549.

*J. F. McKenrick*, for appellee.

OPINION BY SMITH, J., July 28, 1904 :

This action is to recover the costs and an attorney fee paid by the plaintiff in a prosecution against him for assault and battery, wherein he was acquitted but directed to pay one half

the costs, to which is here added his attorney's fee.   This case had its inception in an arrest by the plaintiff, while acting as a police officer, appointed by the council of the borough of Hastings, and the subsequent arrest of the offender in an adjoining county, followed by the arrest and prosecution of the plaintiff in Clearfield county where the costs here sued for were made.

The alleged liability of the borough is not based on an ordinance, but on the action of the borough council in regular session, when it was "moved that our police be supported with all that council command in case now pending in court." It appears that the case referred to and pending at that time was a prosecution begun in Fayette county, but it was abandoned and discontinued, and a rearrest for the same cause made in Clearfield county, where the assault and prosecution occurred and the costs made and imposed.   The imposition of the costs was a material part of the judgment and "we must presume the jury had a good reason for doing so, arising in the conduct of the defendant:" Wright v. Com., 77 Pa. 470 ; Com. v. Tilghman, 4 S. & R. 127.   That judgment cannot be attacked collaterally, but relief therefrom might be given by the court. The record shows no application for relief or remission of the costs.   Under the act of assembly it was the duty of the jury to dispose of the costs in that proceeding, and its action in this respect was conclusive, subject only to review for an abuse of discretion : Com. v. Kocher, 23 Pa. Superior Ct. 65.

The plaintiff was prosecuted not as an officer but as an individual, for a breach of the criminal law ; and from this his office could not shield him.   It was his duty to enforce the ordinances of the borough, but not to the extent of violating the law himself, and we must infer from the verdict that his conduct in that matter was not above suspicion.

But aside from this we must deny the power of the council to bind the borough for the claim here presented.   While the legislature has, by recent enactments, enlarged the authority of boroughs to provide by ordinance more minutely for the protection of citizens and the preservation of good order in these municipalities, the correlative power of boroughs to expend the public moneys remains limited to the powers expressed or necessarily implied.   There is no statute here, authorizing the ex-

penditure of money in defense of borough police officers, when indicted under the law, and whatever may be said of a borough council aiding in a prosecution for the violation of an ordinance of the borough, there is no authority for the expenditure of money in defense of an officer under such indictment, when the borough is not involved.

It will be seen that the motion referred to and relied upon as giving the right of recovery here, was adopted after the arrest by the plaintiff, and it is not specific or sufficient in its terms to include the plaintiff's claim or contention. Indeed, that motion is too indefinite and uncertain to warrant any definite action upon it. It is essential that such a power, to be effective, should specify definitely, explicitly and completely the things granted, and, like the charter of a corporation or acts extending the privileges of incorporated bodies, is to be taken most strongly against the grant. Whatever is not expressly and unequivocally granted or necessarily implied is taken to have been withheld. Mere convenience or inconvenience is not such necessary implication. See Woods v. Greensboro Natural Gas Co., 204 Pa. 606, and cases there referred to.

The verdict and judgment imposing the costs on the plaintiff is regular and in pursuance of law, and the borough, not being a party to it, or affected by it, cannot be held liable for it or its incidental consequences. It is clear on principle and authority that under these circumstances the borough cannot be held liable for the plaintiff's claim. Mr. Dillon in his work on Municipal Corporations, vol. 1, sec. 147, third edition, says : " Where a municipal corporation has no interest in the event of a suit, or in the question involved in the case, and the judgment therein can in no way affect the corporate rights or corporate property, it cannot assume the defense of the suit, or appropriate its money to pay the judgment therein ; and warrants or orders based upon such a consideration are void." In the next section it is said that " a town may vote to refund money paid by assessors on an illegal assessment, and this, although without such vote, the town could not have been compelled to refund or indemnify. But if the town is not concerned, having nothing to lose or gain in the result of the litigation, a vote to indemnify an officer would be in excess of its power and void.". Again, in vol. 2, sec. 975, it is said : " Police officers

appointed by a city are not its agents or servants, so as to render it responsible for their unlawful or negligent acts in the discharge of their duties, and, accordingly, a city is not liable for an assault and battery committed by its police officers, though done in an attempt to enforce an ordinance of the city; nor for an arrest made by them which is illegal for want of a warrant; nor for their unlawful acts of violence, whereby, in the exercise of their duty of suppressing an unlawful assemblage of slaves, the plaintiff's slave was killed. So, on the same principle, a person who suffers a personal injury while aiding the police officers of a city, at their request, in arresting disturbers of the public peace under a valid ordinance has no remedy against the city. The municipal corporation in all these cases represents the state or the public; the police officers are not the servants of the corporation, and hence the principle of respondeat superior does not apply." To the same effect, see Tiedeman, Mun. Corps. sec. 333; Beach, Pub. Corps. sec. 745. We quote from the able argument of this appellant on the question: "Police officers are not agents or servants of the borough, and therefore the borough is not liable for their omissions or commissions, malfeasance or nonmalfeasance; this is established by borough of Norristown v. Fitzpatrick, 94 Pa. 121. In that case a person was injured by the firing of a cannon on the street by a crowd of citizens, while a policeman stood by and made no attempt to stop it, though a special Act of February 8, 1847, P. L. 72, empowered the council to appoint policemen, and an ordinance forbade the throwing of crackers or other article of gunpowder. Justice Gordon, in the opinion, page 124, after saying the firing was unlawful, and all engaged in it were personally liable, proceeds: "But that the municipality was so liable is another and a very different question. Municipalities are not conservators of the public peace; they may or may not have the power to appoint police officers, but if they have such power, and do make such appointments, the power of the officers so appointed is derived not from municipal ordinances, but from the common law and acts of assembly. Hence, it was held in Elliott v. Philadelphia, 75 Pa. 347, that the city was not answerable for the negligent act of a police officer. A like doctrine, that police officers appointed by a city are not its agents or servants, and that it is not, therefore, responsible for their unlawful acts

when in discharge of their duty, may be found in 2 Dill. Mun. Corp. sec. 975. The law upon this subject has been well stated by Chief Justice BIGELOW, in the case of Buttrick v. The City of Lowell, 83 Mass. 172. Police officers, says the learned chief justice, can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a function of government, but this does not render them liable for their unlawful or negligent acts. The detection and arrest of offenders, the preservation of the public peace, the enforcement of the laws, and other similar powers and duties with which police officers and constables are entrusted, are derived from the law, and not from the city or town under which they hold their appointment," and in the last paragraph of the opinion Justice GORDON says : " The difference between those cases in which cities, boroughs and townships have been held responsible for neglect, and the one in hand, is very wide. The maintenance and repair of highways, sewers, wharves, etc., belong to their immediate jurisdiction, and over them they alone have control, hence their responsibility. But the conservation of the peace is a great public duty, put by the commonwealth into the hands of public officers : the judges, justices of the peace and mayors, the governors, sheriffs, constables and policemen ; hence, cities and boroughs can no more be charged with the damages resulting from their misconduct, than can counties, townships or the state at large." The power referred to by Justice GORDON is the police power of the state, which transcends and subordinates the action of borough councils in all matters wherein such action infringes upon it. The Supreme Court said in Fox v. The Northern Liberties, 3 W. & S. 103 : " It is not conceivable how any blame can be fastened upon a municipal corporation because its officer, who is appointed or elected for the purpose of causing to be observed and carried into effect the ordinances duly passed by the corporation for its police, either mistakenly or wilfully, under cover of his office, commits a trespass."

It is entirely consistent and proper to interpret the "motion" here as expressing the intent of counsel to sustain the officer in all lawful acts touching his duty in the litigation referred to. But by the verdict and judgment it was regularly

decided that his acts were not wholly lawful but were measurably censurable and to this extent, at least, were not contemplated by the motion. This view concedes to the plaintiff every legitimate inference without adhering strictly to the more precise and exact fact that the "case pending" at the time the motion was adopted is not the one from which this suit arose, and removes from the discussion the primary and sole ground upon which the plaintiff rests his claim. The general principle on which we rule this case is that upon which the cases of Millerstown Boro. v. Bell, 123 Pa. 151, and Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549, were decided.

The judgment is reversed and the judgment is now entered for the defendant non obstante veredicto.