## Commonwealth v. Taylor

*Henry Huhn,* for appellant.

*Richard Snyder,* for Bensalem Township, contra.

WALSH, J., June 19, 1974.—This is a de novo hearing on defendant's appeal from summary conviction for violation of the overweight provisions of The Vehicle Code of August 13, 1963, P.L. 701, sec. 2, as amended, 75 PS §903.

The Commonwealth was represented on appeal in the person of the solicitor of Bensalem Township wherein the arrest was made. He has moved orally to quash the appeal on the ground that defendant failed to serve

a copy of the notice of appeal on the township or the arresting officer. The Minor Judiciary Court Appeals Act provides:

"A copy of the notice of appeal shall within ten days after filing be served upon the issuing authority and the district attorney, or if the summary case was prosecuted privately *or by another public official,* upon his counsel or such person": Act of December 2, 1968, P.L. 1137 (No. 355) sec. 3, 42 PS §3003. (Italics supplied.)

The township solicitor does not contend that this was a private prosecution, but he does argue that the summary case was prosecuted "by another public official," to wit, the police officer on behalf of the township. We do not place such a construction on the statute. We equate the words "public official" in this context with the words "public officer." In holding that a policeman is not a public officer, the Supreme Court of Pennsylvania has defined a public officer as a person elected or appointed for a definite tenure whose duties are of a grave and important character involving some of the functions of government: Vega v. Burgettstown Borough, 394 Pa. 406, 412 (1958). Where a police officer prosecutes a violation of the penal laws, he is acting on behalf of the Commonwealth, not as an agent of the township: Miller v. Hastings Borough, 25 Pa. Superior Ct. 569 (1904). In our view, it is immaterial that the fine in this case is payable for the benefit of the township.

We come now to the merits. The defendant truck driver's employer wished to transport a backhoe from Langhorne, Bucks County, to Hatboro, Montgomery County, with its own tractor-trailer, and duly made application to the Secretary of Transportation for an overweight permit pursuant to the provisions of the

Act of December 7, 1965, P.L. 1050, as amended, 75 PS §905.

At the hearing de novo, the superintendent of the employer testified that he instructed his dispatcher to request a permit for a gross weight of 99,500 pounds over the following highways: Routes 213, U.S. 1, 132 and 263. The permit fee was paid, and a permit for the requested weight arrived in the employer's office via TWX. The permitee failed to note a discrepancy in one of the route numbers. The superintendent had specified 132 to his dispatcher, and the permit showed 232. Defendant was stopped by the arresting officer on Route 132 on suspicion of being overweight and was taken in to be weighed. The weight was recorded as 102,950 pounds at the first weighing and 102,690 pounds on a reweigh. At a hearing before a justice of the peace, defendant was found guilty of overweight and fined $5,800. The fine was computed on the same basis as though no overweight permit had been granted, because the justice of the peace found that defendant had been on a highway not authorized by the permit.

The evidence was uncontradicted that the arrest was made on a direct route between the two points named in the permit. We are satisfied that the route number discrepancy results from a clerical error. Under similar circumstances, this court has repeatedly decided that where the applicant for a permit has made an obvious good faith effort to comply with the law, he will not be penalized for a clerical error. Commonwealth v. Thomas, 21 Bucks 349 (1971); Commonwealth v. Wiggins, 18 Bucks 556 (1968).

The fact remains that defendant operated his vehicle at a weight 3,190 pounds in excess of the permit authorization. This resulted simply because defen-

dant's superintendent underestimated the gross weight when he applied for the permit. We regard the element of good faith in this aspect of the case as immaterial. The excess weight is a clear violation of the statute.

## ORDER

And now, June 19, 1974, the court finds defendant guilty of operating a tractor-trailer and load upon a public highway with a gross weight which was 3,190 pounds in excess of the weight allowed by special permit. He is sentenced to pay a fine of $145, plus the costs of prosecution, with appropriate credit for any amount paid heretofore.