Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant *v.* Quaker State Oil Refining Company, Appellee.

Quaker State Oil Refining Company, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

Argued May 3, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Zelda Curtis,* for Commonwealth of Pennsylvania, Department of Environmental Resources.

*William A. Bevevino,* for Quaker State Oil Refining Company.

OPINION BY JUDGE DOYLE, November 19, 1982:

This is an appeal by the Department of Environmental Resources (Department) from an order of the Court of Common Pleas of Warren County, granting a motion to quash a criminal citation and dismiss prosecution against Quaker State Oil Refining Company (Quaker State) for violation of erosion and sedimentation control regulations promulgated pursuant to The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. 691.1[1] We affirm.

---

[1] The citation alleged violation of Sections 102.4(a) and 102.12 of the Rules and Regulations of the Environmental Quality Board, 25 Pa. Code §102.4(a) and §102.12.

On July 8, 1980, a criminal citation was filed with a district justice against Quaker State by a field inspector of the Department. Following a hearing on the merits before the district justice, Quaker State was found guilty of the violation charged in the citation. Quaker State appealed the guilty verdict to the Court of Common Pleas, and filed an application to quash and dismiss the prosecution. After testimony and argument, the trial court granted Quaker State's motion. The Court reasoned that the Department field inspector was not a "police officer" within the meaning of the Pennsylvania Rules of Criminal Procedure and was therefore without authority to initiate summary criminal proceedings by citation under Pa. R. Crim. P. 51 (Rule 51).

Rule 51 provides in pertinent part:

Criminal proceedings in summary cases shall be instituted in the following manner:

. . . .

(3)  *Other Offenses*

(a)  Except as provided in subparagraphs A(3)(b) and (c), a citation shall be issued to the defendant by a police officer who shall be in uniform or display a badge or other sign of authority, when the offense charged is any other violation of an ordinance or summary offense; or

(b)  A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is any other violation of an ordinance or summary offense, when the police officer is not in uniform and does not display a badge or other sign of authority, or when it is not feasible for the police officer to issue a citation to the defendant. ... The issuing authority shall thereupon issue a summons. ...

Section 602 of The Clean Streams Law provides that "[a]ny person or municipality who violates any provision of this act, any rule or regulation of the department, any order of the department, or any condition of any permit issued pursuant to this act is guilty of a summary offense. . . ." 35 P.S. §691.602(a). In addition, Section 604 of The Clean Streams Law provides that "[u]pon complaint made in writing by any responsible person to the department, it shall be the duty of the department through its agents to investigate any alleged source of pollution of the waters of the Commonwealth, and to *institute appropriate proceedings under the provisions of this act* to discontinue any such pollution. . . ." 35 P.S. §691.604 (emphasis added).

The Department urges that such statutory provisions impliedly confer status of "police officers" on Department field inspectors when acting in their enforcement capacity, and inspectors therefore have authority to issue citations under Rule 51 for violations of The Clean Streams Law. The Department points out that the comment to Rule 51 indicates an intention to include "various local enforcement agents . . . as well as members of regularly constituted police departments" within the ambit of the rule. The Department notes that it has been given express authority to "institute prosecutions" under the Air Pollution Control Act[2] and urges that it cannot be otherwise under The Clean Streams Law. We disagree.

The comment to Rule 51 makes the intended scope of that rule clear. The rule is designed to include enforcement agents who are not members of regular police departments "if such persons are authorized to institute summary criminal proceedings as a means of enforcement and if they are vested by law with police

---

[2] Act of January 8, 1960, P.L. 2119, *as amended*, 35 P.S. §4004(7).

powers when acting within the scope of their employment.'' No such authorization appears in The Clean Streams Law. The comment to Rule 51 continues:

> While it is intended that the definition of police officer will vest a wide variety of officials with authority to issue citations, such authority shall be limited to the extent of the police power given by law to such officials. This Rule is not intended to give powers of arrest to any person who does not otherwise by law possess such powers; nor is it intended to expand a person's power of arrest to apply to circumstances in which he does not otherwise by law possess such power; nor is this Rule intended in any other way to expand powers of arrest beyond what they have been heretofore.

It is clear that any authority in Department personnel to issue criminal citations must, therefore, be conferred by the legislation, and must be express. We note that our Legislature has given explicit arrest power to the Department in the context of supervision of conduct in state parks[3] and in the Department's capacity as custodian of the state forests.[4] As noted above, the Department is empowered to institute prosecutions for violations of the Air Pollution Control Act. Our Legislature has thus recognized the need to confer police power on the Department in limited circumstances. We do not read these limited grants of authority to imply a general power in the Department to institute criminal proceedings by citation for viola-

---

[3] Section 1906-A of the Administrative Code, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-6.

[4] Section 1910-A of the Administrative Code, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-10.

tion of the other laws of the Commonwealth it has a duty to enforce.[5]

Because we affirm that the citation was invalidly issued, we need not address the issue raised in Quaker State's cross appeal, that the citation was also insufficient under Pa. R. Crim. P. 52.

### ORDER

Now, November 19, 1982, the order of the Court of Common Pleas of Warren County granting the motion to quash a citation and dismiss prosecution in the above referenced matter is hereby affirmed.

---

[5] The Department points out that its practice of issuing citations for violations of The Clean Streams Law is pursuant to an opinion issued by the Attorney General indicating that the Department has authority to institute summary criminal proceedings by citation. The Department concedes in its brief that this Court is not compelled to follow the Attorney General's opinion.