## Commonwealth v. Bowman

278

*Robert D. O'Connor, Jr.,* Assistant district attorney, for the Commonwealth.
*Lewis G. Steinberg,* for defendant.

BROWN, *P.J.,* February 14, 1984—Defendant has been charged with a violation of 75 Pa.C.S.A. §3114(a)(1) which regulates the conduct of a driver who is in an intersection governed by a flashing red signal. The underlying incident occurred on May 3, 1983 at the intersection of First Street and West Main Street in the City of Lock Haven. At that time Sgt. John B. Frazier of the Lock Haven City Police Department was operating a vehicle in a northerly direction on First Street approaching the intersection of West Main Street with First Street. Defendant was traveling west on West Main Street toward the flashing red signals which govern West Main Street traffic as it enters First Street. Defendant stopped his car at First Street, saw Sgt. Frazier's police vehicle and estimated that it was a good car length away from the beginning of the intersection and then he drove into the intersection. Sgt. Frazier testified that he applied the brakes of his vehicle in

order to avoid a collision, and that he had been driving at a speed of about 20 to 25 miles an hour in approaching the intersection. He did not squeal his tires in stopping nor was there a collision. He subsequently stopped defendant's vehicle after it had proceeded one block in a westerly direction on West Main Street and issued a citation for the present offense.

At the conclusion of the Commonwealth's case defendant demurred to the Commonwealth's evidence on the basis that no testimony had been offered that Sgt. Frazier was in uniform when the citation was issued. The requirement that the issuance of a citation must be by a police officer who is in uniform is found in Pa.R.Crim.P. 51A.(1)(a). In interpreting this issue, the court is concerned not so much with whether Sgt. Frazier was in uniform but with the fact that the Commonwealth failed to elicit testimony from him that he was in uniform when the citation was issued. Defendant's demurrer was taken under advisement having been resisted by the Commonwealth on the premise that P.R.Crim.P. 70 which was adopted on April 8, 1982 effective July 1, 1982 dictates against upholding defendant's position on such a procedural technicality.

Pa.R.Crim.P. 51A.(1)(a) requires that to issue a citation on the scene of an offense, the police officer must be in full uniform. Defendant does not argue that the police officer was not in full uniform but that the Commonwealth has failed to present the necessary testimony to establish this. However, the Commonwealth has argued that Pa.R.Crim.P. 70 eliminates the Commonwealth's burden to offer such testimony. Rule 70 states:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or war-

rant, or a defect in the procedures of this Chapter unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant."

The comment to Rule 70 further states that there must be actual prejudice to the rights of defendant before a defendant may be discharged or a case dismissed. Defendant has not stated what harm he will suffer because of the procedural defect which Rule 70 addresses.

This court has exhaustively researched this question and has found only one case directly on point. Commonwealth v. Buehler, 8 D. & C. 3d 796 (1979) held that the failure of the officers to testify that they were in uniform when issuing a citation did not meet the requirements of Rule 51A.(1)(a) and dismissed the charges against defendants.

The court must emphasize that the Buehler court found that the officers' testimony that they were in uniform was a requirement of Pa.R.Crim.P. 51A.(1)(a). This requirement has been softened by Pa.R.Crim.P. 70, unless defendant can demonstrate the prejudice he will suffer from the lack of the testimony.

It should also be noted that Buehler was decided before the effective date of Rule 70 which occurred over three years later on July 1, 1982. Therefore, while the court agrees with Buehler that the burden of an officer to testify that he is in uniform is a requirement of Rule 51A.(1)(a), unless defendant demonstrates some prejudice due to the lack of this testimony being offered, Pa.R.Crim.P. 70 prevents a dismissal of the charge.

The court has considered defendant's argument that Pa.R.Crim.P. 70 is not applicable to this issue because the failure to present this testimony does not constitute a defect in the citation or in the proce-

dure followed with regard to the issuance of the citation. The difficulty with this argument is that if in fact the officer was not in uniform when the citation was issued it would be a violation of the procedures set forth in Pa.R.Crim.P. 51, and in the court's judgment would constitute a "defect in the procedures of this Chapter" as prescribed in Pa.R.Crim.P. 70. In this regard it is to be noted that both Pa.R.Crim.P. 51 and Pa.R.Crim.P. 70 are parts of Chapter 50 in the Pennsylvania Rules of Criminal Procedure. Accordingly, absent any prejudice either from the lack of testimony or from the lack of the officer's being in uniform, the demurrer cannot be sustained for the reasons previously discussed.

The court also notes that Pa.R.Crim.P. 70 requires the defect to be raised at the summary trial to allow it to be a basis for a dismissal on appeal. Defendant has offered no evidence that this defect was raised at the summary trial and has offered no explanation for not raising it at the summary trial. This court has also relied to some extent upon this factor in not sustaining defendant's Demurrer.

In assessing the merits of the charge against defendant, the court concludes that defendant's conduct in entering the intersection on May 3, 1983 constituted a violation of §3114(a)(1). As provided in that section an operator who is approaching a flashing red light is under the same duty as a driver approaching a stop sign. This duty is prescribed in §3323(b) of the Vehicle Code which provides in pertinent part:

"after having stopped, the driver shall yield the right of way to . . . any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways."

By his own testimony, defendant stated that the police vehicle was a car's length from the intersection when he decided to enter the intersection. Since the police vehicle was traveling at a speed of 20 to 25 miles per hour the court deems this to be a traffic movement into the intersection which did constitute a hazard in its execution. The fact that the officer did not stop defendant's vehicle until it had traveled one block on West Main Street is deemed to be of minor significance since there was no indication that defendant was attempting to evade the officer when he was signaled to stop.

## ORDER

And now, February 14, 1984 based upon the foregoing opinion, the court finds defendant guilty of violating 75 Pa.C.S.A. §3114(a)(1) and it is the sentence of the court that defendant pay the statutorily mandated fine of $25 plus the costs of prosecution. The execution of this sentence shall be stayed until the expiration of the time within which defendant may file post hearing motions as hereinafter explained.

Defendant is herewith advised that he has the right to file a motion in arrest of judgment within ten days of the date of this order on grounds of error appearing on the face of the record or that the evidence is insufficient to sustain the charge or that the court did not have jurisdiction in the case. If the court should rule favorably on such a motion the charge would be dismissed and defendant would be discharged.

Defendant is further advised that he has the right to file a motion for a new hearing within ten days of today's date on grounds of trial errors prejudicial to him or that the verdict is against the weight of the

evidence or for other possible reasons. If the court should rule favorably on such a motion a new hearing would be granted.

Defendant is also advised that if such motions are filed and the court rules against him that he has the right of appeal to a higher court only on the grounds contained in such motions. If such motions are not filed or even if they are filed but are later voluntarily withdrawn by defendant, the legal effect will be that the verdict entered today will stand and he will be waiving or giving up his right to file such motions and to appeal to a higher court.