479 A.2d 616

COMMONWEALTH of Pennsylvania

v.

Russell W. JOKI, Appellant.

Superior Court of Pennsylvania.

Argued May 15, 1984.

Filed Aug. 3, 1984.

Robert N. Clarke, Washington, for appellant.

Mark S. Riethmuller, Washington, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

This is an appeal from an Order entered by the Court of Common Pleas of Washington County on June 15, 1982. Appellant, Russell W. Joki, was convicted of violating a zoning ordinance of Union Township, which required that a conditional use permit be obtained for purposes of coal extraction. A fine of $300.00 dollars was imposed. Following the denial of post-verdict motions, appellant perfected this appeal.[1]

Appellant contends the complaints were improperly instituted in the lower court. The zoning officer filed five

---

1. A case involving, as this one does, a local government criminal matter arising under a zoning code, properly comes within the jurisdiction of the Commonwealth Court. See 42 Pa.C.S.A. § 762(a)(4)(i). However, because appellee failed to object to this court's lack of jurisdiction, our jurisdiction has perfected, and it is within our discretion to decide the case on its merits. *Township of Eldred v. County of Monroe,* 330 Pa.Super. 74, 478 A.2d 1357 (1984); Pa.R.A.P. 741(a). In order to best serve the interests of judicial economy, we will resolve the present matter in this forum.

criminal complaints pursuant to Pa.R.Crim.P. 51 A(4), which provides:

> a *complaint* shall be filed with an issuing authority when the affiant is *not* a police officer as described in Section C of this Rule. (Emphasis added).

Appellant maintains a zoning officer *is* a police officer and could not, therefore, institute an action by the filing of a private criminal complaint. In support of his position, appellant relies on Pa.R.Crim.P. 51 A(3)b, which provides:

> a *citation* shall be filed with an issuing authority by a police officer when the offense charged is any violation of an ordinance or a summary offense (emphasis added).

Appellant further contends that a zoning officer lacks the authority to initiate a criminal process and therefore the charges brought against him should be dismissed with prejudice.

The issue before us is whether a zoning officer is a police officer as defined by Pa.R.Crim.P. 51. If so, the filing of the private complaint was error.

The lower court ruled that a zoning officer is not a police officer. It held that there were limitations on the powers of zoning officers. Section 10614 of the Pennsylvania Municipalities Planning Code, 53 Pa.C.S. § 10101 et seq., provides that a zoning officer "shall administer the zoning ordinance in accordance with its literal terms...." In light of § 10614, the trial court determined that although a zoning officer is given power to administer zoning regulations, he had no authority to enforce them. Without enforcement powers, a zoning officer cannot assume police officer status. Therefore, the court concluded that it was proper for the zoning officer to institute the proceedings by private complaint. Although we disagree with this reasoning, we nevertheless affirm the order.

The lower court overlooked the provisions of 53 Pa.C.S. § 10617, which we believe provides enforcement powers for zoning officers. Under § 10617, entitled "Enforcement remedies", a governing body may delegate its powers to a zoning officer "to prevent, restrain, ... any act, conduct,

business or use constituting a violation." Thus, the governing body can enforce regulations through its zoning officers. The Zoning Ordinance of Union Township provides, inter alia, that "the Zoning Officer, who shall be appointed by the Board of Supervisors (the governing body) shall ... administer and *enforce* the provisions of this Ordinance." (emphasis added).

■ Accordingly, the zoning officer does possess authority to enforce the zoning regulations in Union Township. Whether this makes such officer a police officer under Pa.R.Crim.P. 51 remains for our disposition.

Rule 51 C provides "a police officer shall be limited to a person who by law has been given the powers of a public officer when acting in the scope of his employment." The Comment to Rule 51 C also defines police officers as:

county detectives and ... various local enforcement agents (such as building inspectors and other municipal code enforcement officials ...) if such persons are authorized to institute summary criminal proceedings as a means of enforcement *and* if vested by law with police powers while acting in the scope of their employment. (Emphasis added).

As determined above, zoning officers can enforce regulations, and § 504 of the Zoning Ordinance of Union Township makes violators amenable to summary criminal proceedings.

Appellee contends, notwithstanding such authority to enforce and institute summary criminal proceedings, that such officers are not "vested by law with police power when acting within the scope of their employment;" therefore, it was proper to institute the action via private complaint. To substantiate this proposition, appellee points to the fact that zoning officers are not given powers of arrest and are not charged with keeping the public peace. Hence, they are not police officers. Appellee relies upon *Miller v. Hastings Borough*, 25 Pa.Super. 569 (1904), which enunciates these powers and duties of a police officer.

It must be noted that in *Miller*, this Court held the borough was not liable for omission or malfeasance of police officers because they are not agents or servants of the borough. Any reference to the police officers' duties was dictum. Furthermore, the *Miller* court would undoubtedly accede to our Legislature's later definition of a police officer in Rule 51 C.

The Comment to Rule 51 C, supra, indicates that certain municipal officers, included in the definition of police officers, would not have arrest powers. It is stated that "this Rule is not intended to give powers of arrest to any person who does not otherwise by law possess such powers." We interpret Rule 51 C and the comment thereto to provide that such officers are police officers, while they act within the scope of their authority. This definition was not intended to expand the duties of the zoning officer to include keeping the public peace; nevertheless, it does not preclude equating zoning officers with police officers for purposes of Rule 51, supra. The dispositive criterion is whether a zoning officer acts within the scope of his authority. The zoning officer did so here.

We therefore hold that a zoning officer has authority to institute summary criminal proceedings and is vested with police powers while acting within the scope of employment for purposes of Pa.R.Crim.P. 51. Consequently, it was error for the zoning officer to file a complaint instead of a citation. We are of the opinion, however, that this procedural error does not require reversal.

A common tenet of our legal system is that form should not be exalted over substance. This case exemplifies that concept. Appellant was given his day in court and adjudged guilty following a complete review of the merits. The procedural error was harmless; appellant incurred no prejudice which would justify our disregard of the results of an impartial trial.

Moreover, the error here benefited appellant. Had the zoning officer issued a citation, a summons would necessari-

ly be issued and the case would automatically proceed to a hearing. By issuing a private complaint, however, it was within the issuing authority's discretion to issue process. If no probable cause were found, a summons would not have been issued and no proceedings instituted. In sum, appellant was provided with an additional procedural opportunity to meet prosecution.

We are aware that this Court strictly construed Rule 51 in *Commonwealth v. Shelton,* 260 Pa.Super. 82, 393 A.2d 1022 (1978). However, that case is distinguishable. There the issuing authority mailed a copy of the citation to the defendant in lieu of a summons. Since a citation cannot provide the same information as a summons and therefore cannot effectively apprise the defendant of the alleged offense, the defendant was significantly prejudiced. That was not the case here.

Procedural rules "are not to be exalted to the status of substantive objects ... but means whereby justice, as expressed in legal principles, is administered." *McKay v. Beatty,* 348 Pa. 286, 287, 35 A.2d 264 (1944). *See also, Reading Co. v. Willow Development Co.,* 407 Pa. 469, 471, 181 A.2d 288 (1962); *Templeton Appeal,* 399 Pa. 10, 16, 159 A.2d 725 (1960); *Coppage v. Smith,* 381 Pa. 400, 405, 113 A.2d 247 (1955). Furthermore, the Court has recently adopted Pa.R.Crim.P. 70 dealing specifically with defects in form, content or procedure in summary cases. Rule 70 provides:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of the complaint, citation, summons, or warrant, or in a defect of the procedures of this chapter, unless the defendant raises the defect before the conclusion of the summary trial *and* the defect is prejudicial to the rights of the defendant. (emphasis added).

The effective date of this rule is July 1, 1982, which is subsequent to this case, but it is a clear statement of the Supreme Court's view of the validity of technical objections to form of process.

412

This Court has correctly advanced the intention of the Supreme Court in the context of procedural error:

> We have considered this question previously and our position is clear: '... lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party....'

*Stokes v. Thiemann*, 296 Pa.Super. 112, 116, 442 A.2d 322, 323 (1982) *quoting Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

We hold that appellant was neither prejudiced nor injured. Accordingly, we affirm.

Order affirmed.