509 A.2d 978

Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant *v.* Blosenski Disposal Service, Appellee.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kenneth A. Gelburd,* Assistant Counsel, for appellant.

*James A. Cunningham,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 28, 1986:

This is a case brought under Section 606 of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, 35 P.S. §6018.606, wherein the Pennsylvania Department of Environmental Resources (DER) appeals here an order of the Court of Common Pleas of Chester County. That order granted the motion of the defendant, Blosenski Disposal Service (BDS), to quash the citations issued to him for violations of the Solid Waste Management Act. We reverse the common pleas court and reinstate the citations.

The following facts are pertinent. BDS is a trash-hauling business which utilizes a trash transfer station on Chestnut Tree Road, West Nantmeal Township, Chester County. On November 3, 1982, a DER inspector [1] was present at the Chestnut Tree Road transfer station when he observed a BDS trash truck pull into the compactor. After the DER inspector pulled into the station, he observed the BDS name written on the side of the vehicle. After a confrontation with Joseph Blosenski, Jr., the principal of BDS, the DER inspector left the station and wrote up his report at a later date. Subsequently, citations were filed with the applicable district justice against BDS for violating Section 201(a) of the Solid Waste Management Act, 35 P.S. §6018.201(a), by processing solid waste without a DER permit, and for violating 25 Pa. Code §75.21(a), allowing its land to be used for the operation of a solid waste processing facility without a DER permit. The district justice convicted BDS of both violations.

---

[1] The DER representative, Frank Holmes, has the qualifications of a "solid waste specialist," but was here serving as a DER inspector.

BDS then appealed the convictions to Chester County Common Pleas Court pursuant to Pa.R.Crim.P. 67 for a trial *de novo*. A trial was held on March 20, 1984 before Judge LEONARD SUGERMAN which resulted in a mistrial. A second trial was held on October 30, 1984 before Judge CHARLES B. SMITH who granted BDS' motion to quash the citations based upon the failure of DER's inspector to issue the citations to BDS at the time of the violation in compliance with Subsection (A)(3)(a) of Pa.R.Crim.P. 51.[2] DER has appealed that order to this Court.

In this appeal, DER contends that (1) BDS' pre-trial motions were untimely and should not have been considered; (2) that BDS failed to prove noncompliance with Pa.R.Crim.P. 51; and (3) that DER's inspector was excused from issuing the citations on the spot under Pa.R.Crim.P. 51 as it was not feasible to do so at the time. We shall deal first with DER's contention that the common pleas court improperly dismissed the citations under Pa.R.Crim.P. 51.

Rule 51 requires that summary criminal prosecutions be initiated by citation. Subsection (A)(3)(a) of Rule 51 requires that the issuing police officer issue the citation to the defendant at the time of the violation where the police officer is in uniform or displaying a badge or other sign of authority. In *Department of Environmental Resources v. Quaker State Oil Refining Co.*, 70 Pa. Commonwealth Ct. 107, 452 A.2d 614

---

[2] Pa.R.Crim.P. 51 was amended by an order of the Pennsylvania Supreme Court effective July 1, 1986. Under the amendments to the Rules of Criminal Procedure, noting specifically the definitions in Pa.R.Crim.P. 3, a DER inspector would not come within the definition of "police officer." The inspector would, however, come under the definition of "law enforcement officer" contained in Pa.R.Crim.P. 3(1) who is specifically authorized by Pa.R.Crim.P. 52 to institute summary criminal proceedings by citation.

(1982), we held that DER field inspectors enforcing the provisions of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §§691.1-691.1001, were not "police officers" for purposes of Rule 51 and, therefore, were not empowered to institute summary criminal prosecutions by issuing citations. In so ruling, however, the Court pointed out that its decision was required by the lack of statutory authority in the Clean Streams Law to institute prosecutions, a power conferred upon DER for violations of the Air Pollution Control Act.[3] Pursuant to the guidance thus provided, we have examined the relevant portions of the Solid Waste Management Act, specifically Section 104(11), 35 P.S. §6018.104(11), and are convinced that DER's inspectors are acting as "police officers" for purposes of Rule 51 when they act within the scope of their duties in enforcing the provisions of the Solid Waste Management Act and the regulations promulgated thereunder.

We shall now examine whether the failure of DER's inspector in this case to issue the citations to BDS on the spot entitles BDS to a dismissal of those citations. In so doing, we must be cognizant of Rule 70 which reads as follows:

*Rule 70. Defects in Form, Content, or Procedure—Summary Cases*

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the

---

[3] Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §§4001-4015. Specifically, Section 4(7) of the Air Pollution Control Act, 35 P.S. §4004(7), authorizes DER to institute prosecutions under the Act. *See also* 1976 Op.Atty.Gen. No. 15 (where a statute enforced by DER provides for summary criminal penalties, DER's field investigators possess sufficient police power to bring them within the definition of "police officers" as contained in Pa.R.Crim.P. 51.)

form or content of a complaint, citation, summons, or warrant, or a defect in the procedure of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial *and the defect is prejudicial to the rights of the defendant*. (Emphasis added.)

We are convinced, as was the common pleas court in *Commonwealth v. Bowman*, 29 Pa. D. & C. 3d 277, 279-280 (C.P. Clinton 1984), that a procedural violation of Rule 51(A)(3) constitutes a "defect in the procedures of this Chapter" as prescribed by Rule 70 and that Rule 70 is fully applicable to this case. *Id.* at 280. Thus, assuming *arguendo* that the DER inspector was required by Rule 51(A)(3)(a) to issue the citation to BDS on the spot, his failure to do so and instead initiating the summary prosecution by filing the citation with the district justice does not per se entitle BDS to a dismissal of the citations. It is clear from the reading of Rule 70 and the accompanying commentary that actual prejudice to the defendant is an essential prerequisite to a dismissal of the citations for a procedural or technical defect. Where there is no showing of prejudice to the rights of the defendant, Rule 70 precludes the dismissal of the citations for a failure to strictly abide by the procedures set forth in Rule 51(A)(3). *See Commonwealth v. Joki*, 330 Pa. Superior Ct. 406, 479 A.2d 616 (1984).

Our review of the record in this matter has failed to uncover any testimony as to how BDS' rights were prejudiced by DER's failure to issue the citations on the spot and instead issuing them through the district justice. Since Rule 70 specifically places the burden of showing prejudice upon the defendant, BDS has failed to meet this burden and is not entitled to a dismissal of the citations based upon DER's alleged failure to com-

ply with the procedural requirements of Rule 51(A)(3).[4] The common pleas court, therefore, erred when it granted BDS' motion to quash and that order must be reversed and the citations reinstated.

Having disposed of this matter on the Rule 51 issue, we need not address DER's other contentions.

## ORDER

NOW, May 28, 1986, the Orders of the Court of Common Pleas of Chester County at Docket Nos. 56-1983 and 65-1983, dated October 30, 1984, which dismissed the citations issued against the Blosenski Disposal Service by the Pennsylvania Department of Environmental Resources, are hereby reversed and the citations are hereby reinstated and the matter is remanded to the Court of Common Pleas of Chester County for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[4] Although there may be merit in DER's contention that its prosecutions here were fully supportable under Pa.R.Crim.P. 51(A)(3)(b) as an option available to it, since the defendant failed to prove under Pa.R.Crim.P. 51(A)(3)(a) that the DER inspector was on the site "in uniform or [did] display a badge. . . ," we deem it unnecessary to address this issue in view of our rejection of the common pleas court's ruling made under Pa.R.Crim.P. 51(A)(3)(a).