## Commonwealth v. Bickert

*Glenn Davis, assistant district attorney*, for the Commonwealth.

*John L. Lachall*, for defendant.

WOOD, *J.*, May 7, 1987 — Before me is defendant's appeal from summary conviction of Driving Under Suspension, 75 Pa.C.S. §1543(a), and the application of 75 Pa.C.S. §6503, relating to subsequent convictions of certain offenses. In his appeal, defendant raises a number of procedural issues:

1. that the proceedings against him were improperly instituted by complaint rather than by citation;

2. that the complaint was not timely filed;

3. that charges should properly have been brought under 75 Pa.C.S. §1543, rather than 75 Pa.C.S. §6503; and

4. that the complaint was not sufficient to put the defendant on notice of the crime against which he must defend, viz., violation of 75 Pa.C.S. §1543(a).

On August 1, 1986, Officer Mullen of the Parkesburg Police Department observed defendant driving suspiciously, and followed him. Defendant

eventually drove up onto the lawn of a house and got out of the car. Mullen approached defendant and asked what he was doing. Defendant replied that he lived there.

Officer Mullen then asked defendant to produce his driver's license and registration. Defendant was unable to produce a valid driver's license, and upon investigation, the officer determined that defendant's license was suspended. The officer issued defendant a citation for driving under suspension.

Some time later, the officer received defendant's driving record from the Bureau of Driver Licensing in Harrisburg. Thereafter, on August 21, 1986, he filed a criminal complaint charging defendant as a multiple offender under 75 Pa.C.S. §6503, and withdrew the original citation.

After a hearing held on October 14, 1986, defendant was found guilty of violating both 75 Pa.C.S. §1543 and §6503, and was sentenced to pay a fine of $400 plus costs. Defendant appealed, citing only section 6503.

Firstly, defendant contends that under Rules of Criminal Procedure 51 and 65 a law enforcement officer must institute a summary proceeding by citation, not by complaint. Pa.R.Crim.P. 65 provides:

"When the affiant is *not a law enforcement officer,* the affiant shall institute a criminal proceeding in a summary case by filing a complaint with the proper issuing authority." (Emphasis added.)

I conclude that it was error for Officer Mullen to institute proceedings in this case by complaint rather than by citation, but that this procedural error was harmless and did not prejudice defendant. See Pa.R.Crim.P. 90; Com. v. Joki, 330 Pa. Super. 406, 479 A.2d 616 (1984).

In Joki, supra, a zoning officer filed a complaint rather than a citation charging violation of a zoning ordinance. The court found that the zoning officer was a police officer when he acted within the scope of his authority in enforcing the zoning ordinances, and thus, under former Pa.R.Crim.P. 51 (A)(3) and (4)* should have filed a citation rather than a complaint. However, the court found that defendant had not been prejudiced by this error, and explained:

---

*That rule proves, in pertinent part:

"(A)(3) Other Offenses.

(a) Except as provided in subparagraphs A(3)(b) and (c), a citation shall be issued to the defendant by a police officer who shall be in uniform or display a badge or other sign of authority, when the offense charged is any other violation of an ordinance or summary offense; or

(b) A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is any other violation of an ordinance or summary offense, when the police officer is not in uniform and does not display a badge or other sign of authority, or when it is not feasible for the police officer to issue a citation to defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not a warrant of arrest except as provided in §B(3) of this rule. Thereafter the case shall proceed as provided in Rules 57 and 59; or

(c) Defendant may be arrested without a warrant by a police officer for a summary offense, but only when (i) such arrest is necessary in the judgment of the officer, and (ii) the officer is in uniform or displays a badge or other sign of authority, and (iii) such arrest is authorized by law. Thereafter the case shall proceed as provided in Rule 62.

(4) Private Complaints. *A complaint shall be filed with an issuing authority when the affiant is not a police officer* as described in Section C of this Rule. If the issuing authority decides to issue process, he shall issue a summons and not a warrant of arrest except as provided in subsection B(3) of this Rule." Pa. R.C.P. 51(A)(3), (4) (Emphasis added.)

"A common tenet of our legal system is that form should not be exalted over substance. This case exemplifies that concept. Appellant was given his day in court and adjudged guilty following a complete review of the merits. The procedural error was harmless; appellant incurred no prejudice which would justify our disregard of the results of an impartial trial.

"Moreover, the error here benefited appellant. Had the zoning officer issued a citation, a summons would necessarily be issued and the case would automatically proceed to a hearing. By issuing a private complaint, however, it was within the issuing authority's discretion to issue process. If no probable cause were found, a summons would not have been issued and no proceedings instituted. In sum, appellant was provided with an additional procedural opportunity to meet prosecution." Com v. Joki, supra, 479 A.2d at 618.

Other Pennsylvania cases are in accord: Com. v. Glassman, ____ Pa. Super. ____, 518 A.2d 865 (1986) (nonresident defendant not prejudiced by arrest rather than issuance of citation); Com., Department of Environmental Resources v. Blosenski Disposal Service, 97 Pa. Commw. 489, 509 A.2d 978 (1986) (Commonwealth's failure to comply with procedural requirements by issuing citation to defendant at time of violation not prejudicial). The case before me exhibits the same absence of prejudice to defendant as found by the court in Joki, supra. In fact, defendant has not alleged any prejudice to his case by this procedural error.

Secondly, the complaint in this case was timely filed within 30 days of the offense: 75 Pa.C.S. §6302; 42 Pa.C.S. §5553. Thirdly, the facts alleged in the complaint describe a violation of 75 Pa.C.S. §1543 as well as 75 Pa.C.S. §6503. However, the

complaint failed to cite section 1543. At trial before the district justice, the complaint was apparently amended to include a violation of section 1543; the words "Add 1543" appear in pencil on the face of the complaint. Defendant was found guilty of violating both sections.

It had been held, under former Pa.R.Crim.P. 150 (the predecessor to Pa.R.Crim.P. 90), that the omission of a reference to the law violated is a "substantive defect" which is not amendable: Com v. Eyler, 3 D. & C.3d 491 (1977). However, the law has been changed. Pa.R.Crim.P. 90 provides:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this chapter, unless defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of defendant."

The comments to the rule make it clear that Rule 90 was intended to eliminate the substantive/informal distinction. Instead, courts are instructed to inquire whether defendant's rights have been prejudiced: see Com. v. Glassman, supra. The comment states further:

"A complaint, citation, summons, or warrant may be amended at any time so as to remedy any defect in form or content that is not prejudicial to the rights of the defendant."

I conclude that the complaint was properly amended to include the citation to section 1543, and that the facts alleged in the complaint were sufficient to advise defendant of the nature of the offenses charged. Defendant has not been prejudiced thereby.

Accordingly, I enter the following

## VERDICT

And now, this May 7, 1987, after trial de novo, I find defendant guilty of violating 75 Pa.C.S. §1543.

Defendant is hereby advised of the following post-verdict rights:

(1) you have 10 days from this date in which to file a motion for new trial, in which you would challenge any alleged error in the pretrial proceedings or at trial in the court of common pleas, or a motion in arrest of judgment, in which you may argue that the evidence was insufficient to sustain the verdict, or both;

(2) only the grounds contained in such motions may be argued in a later appeal to the Superior Court. The motions must be specific and particular. Failure to comply with this requirement results in waiver of your right to make these arguments.

(3) you also have the right to waive the 10 days for filing post-trial motions, and to argue them orally at a time convenient to the court and parties;

(4) you also have the right to waive the right to file post-trial motions and to proceed to sentencing; and

(5) if you file motions, you will be notified of the date on which they will be argued; if you waive your right to file, the court administrator will schedule a date for sentencing and notify you of that.

(6) You have the right to the assistance of a lawyer in filing these motions.

(7) If you do not file post-trial motions, or if these motions are overruled, your sentence will be: $400 fine and costs.

Unless you file post-trial motions, that judgment of sentence will be docketed automatically by the clerk of courts after 10 days have passed, or after you have stated that you do not wish to proceed further in the case.

Once you are sentenced, you must pay the fine and costs promptly. You may pay by check, through the mail.