**COMMONWEALTH of Pennsylvania**

v.

**Thomas DOMIN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1996.

Decided Oct. 28, 1996.

Thomas J. Carlyon, Hazleton, for Appellant.

Charles R. Pedri, Hazleton, for Appellee.

Before KELLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Thomas Domin (Appellant) appeals from the November 6, 1995 order of the Court of Common Pleas of Luzerne County (trial court) which denied his appeal from convictions of violations under the Clean Streams Law (Law).[1] We reverse.

Appellant owns and operates a mobile home trailer park in Hazle Township (township). The trailer park contains approximately forty trailers which are serviced by an on-lot septic system. In May of 1994, Donald J. Brior, the township's Sewage Enforcement Officer, conducted a visual inspection of the property. Brior subsequently sent a letter to Appellant informing him of an alleged violation of the Pennsylvania Sewage Facilities Act (Act).[2] However, Brior issued five criminal citations under the Clean Streams Law and 25 Pa.Code § 73.11(d).[3]

---

1. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. §§ 691.1—691.1001.

2. Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1—750.20(a).

3. 25 Pa.Code § 73.11(d) states that no sewage system may discharge untreated or partially treated sewage to the surface of the ground or into Commonwealth waters except as specifically approved by the Department of Environmental Resources under Sections 202 and 207 of the Clean Streams Law, 35 P.S. §§ 691.202 and 691.207.

On July 25, 1995, a district justice found Appellant guilty of four violations of the Law and one violation of 25 Pa.Code § 73.11(d).

Appellant filed a timely appeal requesting a de novo hearing before the trial court; he also filed a motion to quash the citations, which the trial court denied. Following the hearing, the trial court sustained Appellant's appeal as to one violation, but denied his appeal from the remaining four convictions.

On appeal to this Court, Appellant argues that, as the township's Sewage Enforcement Officer, Brior lacked authority to issue criminal citations for alleged violations of the Clean Streams Law. Alternatively, Appellant argues that the Commonwealth did not sustain its burden of proving beyond a reasonable doubt that Appellant violated the Law and 25 Pa.Code § 73.11(d).

Appellant relies on our decision in *Department of Environmental Resources v. Quaker State Oil Refining Co.*, 70 Pa.Cmwlth. 107, 452 A.2d 614 (1982). In *Quaker State*, a Department of Environmental Resources (Department) field inspector filed a criminal citation against the refining company for a violation of regulations promulgated under the Clean Streams Law. The Department appealed the decision of the common pleas court, which had held that Department field inspectors lacked authority to initiate summary criminal proceedings by citation under Rule 51 of the Pennsylvania Rules of Criminal Procedure. At that time, Rule 51 provided that criminal proceedings in summary cases shall be instituted by the issuing or filing of a citation by a police officer. The Department argued that Sections 602 and 604 of the Law, 35 P.S. §§ 691.602 and 691.604, impliedly confer the status of "police officers," within the meaning of Rule 51, on their field inspectors.[4] The Department further argued that the comment to the rule indicated an intention to include various local enforcement agents, as well as members of regularly constituted police departments, within the ambit of the rule.[5]

The *Quaker State* court disagreed. After reviewing the comment to Rule 51, the court concluded that any authority in Department personnel to issue citations must be conferred by the legislature and must be express. The court acknowledged that our legislature has given explicit arrest power to the Department in the context of supervision of state parks and in the Department's capacity as custodian of state forests and that the Department is empowered to initiate prosecutions for violations of the Air Pollution Control Act.[6] However, the *Quaker State* court refused to read other "limited grants of authority to imply a general power in the Department to institute criminal proceedings by citation for violation of the other laws of the Commonwealth which it has a duty to enforce." *Id.* at 617.

Appellant argues that our decision in *Quaker State* is controlling because neither the Clean Streams Law nor the Sewage Facilities Act provides express authority for a sewage enforcement officer to prosecute violations of the Clean Streams Law. We agree.

Sections 601 and 701 of the Clean Streams Law, 35 P.S. §§ 691.601 and 691.701, provide authority for actions to be brought on behalf of the Commonwealth upon relation of the Attorney General, any district attorney or any municipal solicitor. Section 601 further provides that notice of the intent to bring suit by a district attorney or township solicitor must first be given to the Attorney General. As previously noted, Section 604 of the Law provides that the Department has the duty to investigate any alleged sources of pollution and to institute appropriate proceedings under the Law.

> While it is intended that the definition of police officer will vest a wide variety of officials with authority to issue citations, such authority shall be limited to the extent of the police power given by law to such officials.
>
> *Quaker State*, 452 A.2d at 616. A substantially similar comment now follows Pa. R.Crim. P. 52.

4. Section 602 states that a violation of the Law or its regulations is a summary offense; Section 604 states that the Department has the duty to investigate any alleged source of pollution of Commonwealth waters and to institute appropriate proceedings under the Law.

5. The *Quaker State* court quoted portions of the comment to Rule 51, which, as it then existed, included the following:

6. Act of January 8, 1960, P.L. 2119, *as amended,* 35 P.S. §§ 4001—4015.

Section 2 of the Sewage Facilities Act, 35 P.S. § 750.2, defines a sewage enforcement officer as the local agency official who reviews applications, issues permits and conducts investigations and inspections necessary to implement the Act and its regulations. The powers and duties of a sewage enforcement officer are set forth at 25 Pa.Code § 72.41, which provides that a sewage enforcement officer "shall have the power and the duty to issue, deny and revoke permits, and to take all action necessary to administer and enforce Section 7 of the [Sewage Facilities Act] (35 P.S. § 750.7)" (permits). The regulation also provides that the sewage enforcement officer shall advise the local agency of a violation of the Act and of its responsibility to restrain such a violation and shall independently take action "within the scope of his authority" necessary to restrain or correct the violation. 25 Pa.Code 72.41(m).

Although the Commonwealth argues that the above regulation provides authority to a sewage enforcement officer to prosecute violations under the Clean Streams Law, such a grant of authority is simply not evident. Under the express language of the Clean Streams Law, the Sewage Facilities Act and this regulation, the authority provided to a sewage enforcement officer is limited to the enforcement of the Sewage Facilities Act. In addition, Brior is not authorized to issue citations under Pa.R.Crim. P. 52.

Thus, in accordance with our decision in *Quaker State*, we hold that Brior, as a sewage enforcement officer, is not authorized to issue citations for violations of the Clean Streams Law.[7]

Accordingly, we reverse the order of the trial court.

### ORDER

NOW, October 28, 1996, the order of the Court of Common Pleas of Luzerne County, at No. 2197 of 95, is reversed.

---

7. Because we conclude that the citations were invalidly issued, we need not address Appellant's

second issue regarding the sufficiency of the evidence.