**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**George THEODOROU.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 30, 2000.

Decided May 29, 2001.

Shawn A. Sensky, Asst. Dist. Atty., New Castle, for appellant.

David H. Acker, New Castle, for appellee.

Before KELLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

The Commonwealth of Pennsylvania (Commonwealth), through the Lawrence County District Attorney's Office, appeals from the Order of the Court of Common Pleas of Lawrence County (trial court) granting George Theodorou's (Defendant) Motion to Dismiss a Summary Criminal Conviction for violation of a zoning ordinance.[1] For the reasons contained herein, we affirm the trial court.

James Taylor (Taylor) is the managing partner of an engineering firm appointed by Neshannock Township (Township) as

---

1. A case involving a local government criminal matter arising under a zoning ordinance properly comes within this Court's jurisdiction. See 42 Pa.C.S. § 762(a)(4)(i).

Township engineer. On or about December 23, 1998, Mr. Taylor issued a citation against Defendant for violating the storm water management ordinance of the Township. Before a District Justice, Defendant was found guilty of a summary violation and ordered to pay a $ 1,000 fine plus costs. Defendant appealed to the trial court, contending, *inter alia,* that Mr. Taylor had no authority to issue the citation.

██ On December 15, 1999, the trial court commenced a *de novo* hearing during which Defendant entered a Motion to Dismiss because there was no evidence of Mr. Taylor's authority to file the citation. The limited testimony taken by the trial court included Mr. Taylor, who stated that he received a call from a township supervisor and was asked to investigate a complaint against Defendant. Following his investigation, Mr. Taylor sent Defendant a letter indicating that the alteration of the pipe was a violation of the Township's ordinance and it must be corrected within seven days. The last paragraph of the letter stated that it was written by the Township's municipal engineer. Mr. Taylor also explained that the township engineer is a position authorized by the Second Class Township Code. Additionally, the Township solicitor informed him that he had the authority, in this particular case, to issue the citation. Following this testimony, the trial court concluded that Mr. Taylor was without authority to issue the citation and granted Defendant's Motion to Dismiss without prejudice.

Before us, the Commonwealth argues that Mr. Taylor had the authority to file the citation and that the trial court improperly dismissed the summary case. Under Section 1202 of the Second Class Code, a township engineer must:

Perform duties as the board of supervisors may direct for the construction, reconstruction, maintenance and repair of streets, roads, pavements, sanitary sewers, bridges, culverts and other engineering work. The township supervisor shall also prepare plans, specifications and estimates of the work undertaken by the township and furnish the board of supervisors with reports, information or estimates on any township engineering work or on questions submitted by the board of supervisors.

Section 1202 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66202. Section 1601(c.1)(7) of the Code authorizes the Board of Supervisors to delegate the authority to determine and serve notice of an initial ordinance violation. 53 P.S. § 66601(c.1)(7).

The Commonwealth suggests that this authority, when read together with Pa. R.Crim. P. 52, establishes Mr. Taylor's "right to issue a citation to the Defendant." [2] Appellant's Brief at 7. In opposition, Defendant contends that the Board of Supervisors did not give Mr. Taylor authority to issue citations. Further, there is no such authority conveyed directly onto Mr. Taylor by statute or ordinance to issue citations. Mr. Taylor is, therefore, without authority to cite Defendant.

In *Department of Environmental Resources v. Quaker State Oil Refining Co.,* 70 Pa.Cmwlth. 107, 452 A.2d 614 (1982), we considered whether enforcement agents, who are not members of regular police departments, may be "authorized to institute summary criminal proceedings as a means of enforcement [ ] if they are vested by law with police powers when acting within the scope of their employment." *Id.* at 616 (quoting Pa. R.Crim. P. 51).

---

**2.** Pennsylvania Rules of Criminal Procedure state, "law enforcement officers shall ordinarily institute summary proceedings by citation." Pa. R.Crim. P. 52.

This Court concluded that any authority to issue criminal citations must be conferred by the General Assembly *and* must be express. *Id.*

■ The legislature authorized the Board of Supervisors to "prescribe the fines and penalties which may be imposed" for an ordinance violation. 53 P.S. § 66601(c.1). Further, the statute explicitly states that the Board of Supervisors *may* delegate the authority to issue criminal citations. *Id.* § 66601(c.1)(7). This provision, however, merely authorizes the Board of Supervisors to delegate specific authority; it does not in of itself grant authority to any individual. Consistent with our decision in *Quaker State*, we hold that this delegation of authority, from the Board of Supervisors to the Township engineer, must also be explicit. There is no evidence in the record to suggest that such an express delegation of authority occurred. Accordingly, Mr. Taylor was not vested with the authority to issue criminal citations.

■ The Commonwealth also argues that the trial court erred in dismissing the citation without prejudice. The Commonwealth maintains jeopardy attaches because the case was "improperly terminated after the first witness was sworn but before a verdict." Consequently, the trial court effectively dismissed the case with prejudice since the Commonwealth is unable to re-file the summary charge against Defendant. Section 109 of the Pennsylvania Crimes Code states:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circum-

stances: ... (4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict....

18 Pa.C.S. § 109(4). We believe that the Commonwealth may have misconstrued the court's action.[3] The record clearly indicates that the trial court did not acquit Defendant or dismiss the charge on the merits. *See* R.R. at 61a ("I make no determination on whether in fact the violation of the Storm Water Management Act occurred.") (Feudale, Sr. J.). Likewise, if a *defendant moves* for a dismissal of the charges prior to a final determination of guilt or innocence by the judge, double jeopardy does not bar retrial. *Commonwealth v. Adams*, 349 Pa.Super. 200, 502 A.2d 1345, 1353 (1986) citing *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) and *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985).

The order of the trial court is affirmed.

### *ORDER*

AND NOW, this 29th day of May, 2001, the Order of the Court of Common Pleas of Lawrence County, dated December 15, 1999, granting the motion of Defendant, George Theodorou, to dismiss is hereby affirmed.

---

**3.** Apart from quoting the applicable statute, the Commonwealth only devotes a paragraph, devoid of any citation to case law, discussing the merits of this assertion. Defendant fails to address this issue entirely.